No. 10,665.

## DOHLE ET AL. *v.* STULTS, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Exception to Report of Administrator.*—*Practice.*—*Demurrer.*—The law does not authorize an answer to an exception filed to an administrator's report, and hence no question can be raised by a demurrer to such pleading.

SAME.—*Assignment of Error.*—*Evidence.*—An assignment of error that the court disregarded exceptions filed to an administrator's reports presents no question in the absence of the evidence, as the facts averred must be established.

From the Huntington Circuit Court.

*W. H. Trammel* and *T. L. Lucas,* for appellants.

*J. B. Kenner* and *S. M. Sayler,* for appellee.

BEST, C.—The appellee, administrator with the will an-

nexed of the estate of Barbara Dohle, deceased, on the 17th day of December, 1881, filed in the Huntington Circuit Court his report for the final settlement of such estate. Thereupon the appellants appeared and filed an exception to such report. In this exception they averred, in substance, that on the 9th day of November, 1876, Ludwig Dohle died intestate, seized of fourteen and $\frac{75}{100}$ acres of land in said county, and leaving his wife, the decedent, surviving him; that the $500 to which she was entitled by statute, out of his estate, has never been paid, and that the same may be collected from said real estate which is reasonably worth $2,000; that the decedent bequeathed her personal property to the appellant John J. and Frederick J. Dohle, two of her children, etc. Prayer that the appellee be required to collect such claim.

The appellee filed an answer, in which it was averred that said Ludwig Dohle left surviving him his wife, the decedent, and four children; that she took possession of the personal estate left by her husband and used it in the support of her family, except the portion which has been delivered to appellants; that since her death the appellants entered into a contract with Daniel Kitch to sell him three-fourths of said land for $1,500; that, in pursuance of said contract, said guardian obtained an order to sell the interest of Frederick J. and David Dohle, another minor son, and did sell the same to said Kitch, for which he paid him $1,000, and that John J. conveyed his interest in said land to said Kitch, for which he paid him $500; that at the time said agreement was made, the appellants agreed that they would furnish the appellee with such portion of the purchase-money as was necessary to pay three-fourths of the debts of the decedent, and that the same had been done; that before this time said Kitch had purchased the remaining fourth of the other heir, for which he paid $325, etc. Wherefore, etc.

A demurrer to the answer was overruled, the report approved and the administrator discharged.

From this order the appellants appeal, and insist that the

court erred in overruling the demurrer, in disregarding the exceptions, and in discharging the administrator.

Assuming the facts to be as stated by the respective parties, it would seem that the decedent's heirs have already realized substantially the full value of this property, and that it would be inequitable to again subject it to sale for the payment of this claim, but, however this may be, we are of opinion that the record presents no question for decision. Section 2391, R. S. 1881, provides that exceptions may be filed to such report, but the code does not authorize an answer or contemplate any such pleading. The question of fact raised by the exception is deemed denied or avoided, as the case may be, without any additional pleading. As no additional pleading is authorized, no question can be presented by a demurrer to such pleading, and, therefore, the ruling upon the demurrer in this case presents no question. *Welch* v. *Bennett,* 39 Ind. 136 ; *Beeber* v. *Bevan,* 80 Ind. 31.

The assignment that the court erred in disregarding the exception can not be sustained, for the reason that the evidence is not in the record, and consequently it does not appear that the facts averred were true. There is a recital by the clerk that the parties agreed that the facts averred in the answer were true, and that the court rendered judgment upon the answer, but this recital, if regarded, can not excuse the production of the evidence. If the facts averred in the exception were not established, the finding was right, though placed upon the wrong ground, and hence, in the absence of evidence, we can not say that the conclusion reached was wrong. For these reasons we think the judgment must be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be affirmed, at the appellants' costs.

Filed Jan. 9, 1884.