Filed March 24, 1895.

---

No. 16,922.

MILLER *v.* THE TERRE HAUTE AND INDIANAPOLIS RY. CO.

| 144 | 323 |
|-----|-----|
| 149 | 529 |

| 144 | 323 |
|-----|-----|
| 169 | 460 |

| 144 | 323 |
|-----|-----|
| 171 | 596 |

RAILROAD.—*Failure to Give Statutory Signals.—Liability.—Contributory Negligence.*—Failure of a railroad company to give the statutory signals on approaching a crossing, does not render it liable for an injury to a traveler who drives upon the crossing without looking or listening for the approach of a train.

From the Marion Superior Court.

*Claypool & Claypool,* for appellant.

*Miller, Winter & Elam,* for appellee.

HACKNEY, C. J.—The appellant sustained personal injuries at a crossing of a highway and the appellees'

road, five miles west of Indianapolis. He had driven west over the crossing an hour or two before and was returning east when one of appellees' freight trains ran upon his conveyance and caused said injuries. The crossing was approached by the appellant over the highway upon a line running directly east while the train approached it upon a line bearing slightly north from an easterly course. He and his companion conversed together without looking or listening for the approach of the train and unmindful of the presence of the crossing until the noise of the train and the crash of the collision came simultaneously upon them. The course of the train varied so slightly from that of the appellant that it came upon him but a little to the right from the rear of his vehicle. For the distance of at least eight hundred feet west of the crossing the railway and the train could have been seen from the highway at any point thereon within several hundred feet of the crossing. The evidence would probably have supported a finding that the appellees were negligent in failing to sound the whistle and ring the bell, as required by the statute. R. S. 1894, section 5307 (R. S. 1881, section 4020), Acts 1879, p. 173. The court having instructed the jury to return their verdict in favor of the appellee, the only question presented by the record and argument of counsel is upon the nonexistence of contributory negligence.

That it is the general rule that no recovery may be had for an injury from negligence where the injured party, by his own negligence has contributed to the injury, is not questioned. Nor is the application of that rule in this case directly questioned, though the insistence of the appellant's learned counsel implies, necessarily, we think, that the rule has no application where the injury results from a failure to give the statutory signals of approach to highway crossings.

The argument is that since the statute requires the
signals, the traveler may pursue his way, relying upon
the railway company to comply with the requirement.
In support of this argument counsel cite *Pittsburg, etc.,*
*Ry. Co.* v. *Martin,* 82 Ind. 476, where this court said:
"The court is bound to take notice of this law.  The
plaintiff had a right to believe the defendant would
obey it," and they cite, also, the case of *Cleveland, etc.,*
*Ry. Co.* v. *Harrington,* 131 Ind. 426, where this court
said: "In the absence of some evidence to the con-
trary, we think the appellee had the right to presume
that the appellant would obey the city ordinance and
would not run its trains at a greater rate of speed
than four miles an hour at the point where the injury
occurred, and while the wrongful conduct of the ap-
pellant in this regard would not excuse her from the
exercise of reasonable care, yet in determining
whether she did use such care her conduct is to be
judged in the light of such presumption.  If when she
looked to the north four hundred feet and saw no
train, she knew that she could cross the tracks in
safety before a train running at the speed fixed by the
city ordinance could reach her from that direction,
it would be a harsh rule which would adjudge her
guilty of negligence because she was struck by a train
moving nearly five times as fast as the speed fixed by
the ordinances of the city, which she had a right to
presume the appellant would obey."  In the first of
the cases cited the train approached the highway
crossing through a cut forty rods long and varying in
depth from three to twelve feet, and a view of it from
the highway was obstructed until the traveler came
near the track.  Although the plaintiff in that case
looked for the train, he did not see it until his team
came within two feet of the track, and when it was

within ten rods of the crossing and running at the rate of twenty-five miles per hour.

Either case is distinguishable from the present in the fact that some care was exercised by the injured party, and there were attending conditions and circumstances which rendered such care more or less unavailing, while in the present case there was no care on the part of the appellant and the situation was such that slight care would have enabled him to avoid the collision.

In *Cincinnati, etc., R. R. Co.* v. *Howard,* 124 Ind. 280 (8 L. R. A. 593), it was said of the Martin case that it "is not in harmony with the earlier cases, and is out of line with those more recent," etc. This criticism was in relation to the question of contributory negligence, and was certainly intended to deny the correctness of the contention that a reliance upon the duty of the railway company to give the signals required by law would excuse the traveler upon the highway from the duty to look and listen for trains before going upon the crossing.

There may be some doubt as to the entire justice and propriety of the criticism, since the instruction in question in the Howard case was given upon the theory that the plaintiff was required to prove that she was "without fault or negligence on her part," and it could not, therefore, become a proper inquiry as to the force of a simple reliance upon a proper discharge of the company's duty to give signals. When the Martin case was decided the act requiring particular signals was new, and while the decision was not in exact harmony with the earlier cases, that was because of the then new statute, and not because the traveler upon the highway had been released of all care in going upon a crossing. We do not understand the Martin case or the Harrington case, *supra,* to hold

that one using a highway at the crossing of a railway may do so without any care for his own safety or the safety of those using the railway, or that he may repose a blind confidence in receiving the warning signals required to be given by locomotive engineers, and pursue his course without looking or listening for the approach of trains. We have no reason to doubt the soundness of the rule in the Harrington case, nor that of the Martin case, so far as it announced the right of the traveler to believe that the railway company would obey the law. But that is not all of the question. The inquiry now before us is this, does the statute, which requires certain signals by the railway company, relieve one crossing the track upon a highway from all care?

The omission of the duty by the company is negligence, and if injury results proximately from that negligence, there may be a recovery, if the party injured has not, by his own negligence, contributed to his injury. This doctrine has been declared and adhered to many times by this court. See *Oleson* v. *Lake Shore, etc., R. W. Co.*, 143 Ind. 405; *Cincinnati, etc., R. W. Co.*, v. *Duncan, Admr.*, 143 Ind. 524, and in many cases cited in each. In the same cases we have adhered to the rule that it was contributory negligence for one to go upon a railway crossing without looking or listening for the approach of trains. If the only question as to such contributory negligence were the safety of the person crossing the railway, there is good reason to favor the rule just stated. The railway is entitled to precedence in the use of the crossing, the great weight and momentum of its moving trains render it impracticable to run at a low rate of speed or to stop at highway crossings for the safety of travelers, and the known danger from collision with passing trains suggests the importance

as well as the necessity for care, not only by the company, but by the traveler. There are other interests, however, which add to the demand for this care. That portion of the traveling public using the railways would meet with increased hazards if those using the highways might do so without care as to the approach of trains. The collision at the crossing often results in the loss of life to those upon the trains, and as frequently do shippers suffer from the delays or losses of property resulting from such collisions. Certainly the enactment of a statute defining the degree of care to be exercised by railway companies alone should not be construed to relieve the travelers upon the highway from the care which, in the absence of the statute, he would owe to himself, to those traveling or shipping upon the railways, and to the railway companies. Nothing in the terms of our statute suggests an intention on the part of the legislature to lessen the duties of those crossing railways.

In note 4, p. 34, 4 Am. and Eng. Ency. of Law, it is said, quoting from *Langan* v. *St. Louis etc., Ry. Co.*, 72 Mo. 392; s. c. 3 Am. and Eng. R. R. cases, 355, "Contributory negligence is not imputable to a person for failing to look out for danger, when, under the surrounding circumstances, the person sought to be charged with it had no reason to suspect that danger was to be apprehended." It is there further said: "It is also somewhat loosely said that a person is not chargeable with contributory negligence in failing to anticipate the fault or negligence of another," citing authorities, "and that one person has a right to rely upon the presumption that another will act with due care," citing many cases. "But these cases do not have the meaning that is imputed to them by the rule as stated. They hold either, 1st, the doctrine of the text, that it is not contributory negligence not to look

out for danger when there is no reason to apprehend any, or, 2d, that a mere failure to anticipate the negligence or wrong-doing of another is not contributory negligence when it does not amount to a want of ordinary care, or is only a remote cause or the mere condition of the injury; and so the rule is understood by Mr. Beach, Beach Con. Neg., section 13." In some lines of employment and under certain circumstances the rules quoted would excuse a reliance upon the discharge of another's duty, but it has been firmly settled by the cases cited from this State that one using a highway at the crossing of a railway must so far anticipate danger, from the mere presence of a railway, as to make it a part of his duty to look and listen before he goes upon the crossing. The rule thus settled we believe to be in the interest of the traveler upon the highway, of the passenger and shipper upon the railway, and of the railway company, and so believing, we would not seek to break the force of our many decisions, much less to overturn them as appellant asks.

The judgment of the lower court is affirmed.

Filed March 24. 1896.