THE BALTIMORE AND OHIO SOUTHWESTERN RAILWAY COMPANY v. CONOYER.

[No. 18,182. · Filed Nov. 23, 1897. Rehearing denied Feb. 18, 1898.]

RAILROADS.—*Failure to Give Statutory Signals at Crossings.—Negligence.*—The failure of a railroad company to discharge its duty in regard to giving the signals at public crossings, as enjoined upon it by statute, is negligence *per se;* but to entitle an injured party to recover he must go further and show that such negligence was the proximate cause of the injury, and that he himself was not guilty of contributory negligence.  *p. 526.*

PRACTICE.—*Motion to Direct Verdict.—Evidence.—Appeal.—*If a defendant in an action, upon the close of plaintiff's evidence in chief, moves the court to direct a verdict on such evidence in his favor, he must stand upon his motion; if he subsequently introduces his own evidence, he will be regarded as having waived or receded from his motion, and therefore no question can be considered on such motion on appeal.  *p. 527.*

INSTRUCTIONS.—*Remedy When Not Sufficiently Specific.—*Where an

instruction is not sufficiently specific, it is the duty of the aggrieved party to tender a proper instruction and request that the same be given. *p. 528.*

RAILROADS.—*A Person Approaching Crossing May Presume that Statutory Signals will be Given.*—A person approaching a railroad crossing has a right to assume that the company will obey the law, by giving the required signals of an approaching train; and if such person, after having exercised due care, and employed his senses of seeing and hearing, can neither see nor hear an approaching train, he is justified in presuming that he can pass over in safety. *pp. 528, 529.*

INSTRUCTION.—*When Party Estopped from Objecting to an Irrelevant Instruction.*—Where a party asks and the court gives an irrelevant instruction, he is estopped from objecting to an amendment by the court of another instruction tendered by him, which amendment does nothing more than to add to the objectionable charge requested in the first instance. *pp. 529, 530.*

SAME.—*Refusal to Give.—Defective Record.*—The refusal to give requested instructions is not available error where the record does not affirmatively show that the instructions purporting to have been given by the court were all the instructions given in the cause. *p. 531.*

APPEAL.—*Petition for Rehearing.—Sufficiency Of.*—A petition for a rehearing is a pleading, and not a mere argument or brief, and where a purported petition for a rehearing does not state any specific cause or causes for which the judgment of the Supreme Court is supposed to be erroneous, it presents no question for consideration. *p. 532.*

From the Pike Circuit Court.  *Affirmed.*

*W. H. DeWolf, Gardiner & Gardiner* and *E. W. Strong,* for appellant.

*J. S. Pritchett, Cullop & Kessinger, Posey & Chappell* and *Townsend & Wilhelm,* for appellee.

JORDAN, J.—The appellee recovered damages against appellant for injuries sustained by reason of one of its passenger trains colliding with him as he was passing over the company's track, in a wagon, at a point where it intersects a public highway near the city of Vincennes.   On change of venue, the case was tried in the Pike Circuit Court, and, over appellant's motion for a new trial, a judgment was rendered in

favor of appellee for the damages awarded by the
jury.

The cause of action in controversy is based upon the
alleged negligence of the appellant in omitting to give
the statutory signals when the train which ran over
the appellee was approaching the public crossing in
controversy. It is insisted that the amended com-
plaint does not sufficiently state a cause of action, in-
asmuch as it fails to show that the negligence of the
appellant was the proximate cause of the injury of
which appellee complains, and that it does not estab-·
lish the fact that there was, at the time of the accident
in question, an absence of contributory negligence
on the part of the latter. That an action ordinarily
accrues in favor of a person, not guilty of contribu-
tory negligence, who is injured by the negligence of a
railroad company in failing to give signals, as re-
quired by the statutes of this State, when its train is
approaching the crossing of a public highway, is set-
tled by numerous decisions of this court. And, as a
general proposition, the failure of a railroad company
to discharge its duty in regard to giving the signals
at public crossings, as enjoined upon it by the statute,
is negligence *per se*. Still this alone is not sufficient
to entitle the injured party to a recovery, but he must
go further, and show that such negligence was the
proximate cause, without which the injury of which
he complains would not have resulted, and that he
himself was not guilty of negligence contributing to
such injury. See *Baltimore, etc., R. W. Co.* v. *Young,*
146 Ind. 374, and authorities cited; *Chicago, etc., R. R.
Co.* v. *Thomas,* 147 Ind. 35.

An examination of the pleading in question satis-
fies us that the facts therein averred affirmatively
establish that the accident, occurring at the crossing,
and to which the plaintiff attributed his injury, was

due to the negligence of the defendant, in omitting to give the required signals; and that it is further shown by both the specific facts averred therein, as well as the general allegations, that the plaintiff was free from fault, and did not contribute to his alleged injury; and, tested by the rule to which we have referred, the complaint is sufficient.

At the close of the appellee's evidence in chief, appellant moved the court to direct the jury to return a verdict in its favor. The motion was overruled, and the appellant excepted. The trial then proceeded, and appellant introduced its evidence, and the evidence was finally closed by both parties, without appellant renewing or offering to renew the motion in question. The action of the court in denying this motion is urged as error, and we are asked to review the plaintiff's evidence in chief, separate and apart from that given by the appellant in chief and the appellee in rebuttal, and thereby determine the alleged error. This, under the circumstances, we are not authorized to do. If a defendant in an action, upon the close of the plaintiff's evidence in chief, moves the court to direct a verdict on such evidence in his favor, he must stand by his motion; for, if he subsequently introduces his own evidence, he will be regarded as having waived or receded from his motion, and therefore no question can be considered under such motion on appeal. The appellant might have renewed its motion, had it desired, at the close of all of the evidence in the case, and requested the court, in consideration of the entire evidence, to direct a verdict in its favor, and, in that event the judgment of the court would have rested on the evidence as a whole, and not upon a part thereof. This, we think, is the correct rule, and is recognized as such by the authorities. Elliott App. Proc., section 687, and authorities there cited; *Citizens Street R. R. Co.* v. *Stoddard*, 10 Ind. App. 278.

It is next insisted that the court erred in giving certain instructions to the jury. Instructions numbered one, given at the appellee's request, is criticised for being too general, and misleading. The argument of the learned counsel for appellant, however, does not convince us that the instruction in controversy is open to these objections. It is, in its character, but an exposition in general in regard to the duties of the servants of a railroad company, in charge of its trains, when approaching a public crossing, and, likewise, of a person upon a highway in approaching and in going upon and over such crossing. It substantially and correctly stated the law in this respect in a general way; and, if not sufficiently specific, the proper thing for appellant to have done was to have tendered one of that character to the court with the request that it be given. When the instruction is considered in connection with the entire charge, as it must be, it cannot be said to have tended to mislead the jury. Counsel, continuing their criticism of the instruction, say: "We are unable to find any cases holding that a person about to cross a railroad track has a right to presume that a train is not within eighty rods, merely because he failed to hear the whistle sounded or the bell rung." It is true, as a legal proposition, that the mere omission of signals, or the like, cannot alone, ordinarily, be accepted by a person about to pass over a crossing as an assurance that there is no danger in crossing. But the instruction in dispute does not state that the failure alone to hear the whistle sounded or the bell rung would warrant a presumption upon the part of the traveler that there is no approaching train within eighty rods of the crossing. Counsel seem to ignore the fact that the charge included, not only the sense of hearing, but that of sight as well, and, substantially and in effect, advised the jury that a person approach-

ing a railroad crossing has the right to assume that
the company will obey the law, by giving the re-
quired signals of an approaching train; and if such
person, under the circumstances, after having exer-
cised due care, and employed his senses of seeing and
hearing, to ascertain if a train is approaching, and
thereby avoid danger, can neither see nor hear an ad-
vancing or moving train, he is justified in presuming
that he can pass over the crossing in safety.   This
brought the instruction well within the rule asserted
by the authorities.   See *Pittsburg, etc., R. W. Co.* v.
*Martin*, 82 Ind. 476; *Miller* v. *Terre Haute, etc., R. W.
Co.*, 144 Ind. 323; Elliott on Railroads, section 1158.

Appellant requested the court to give the following
instruction:  "If a train of cars hauled by a locomotive
engine upon a railroad, and a citizen traveling in a
wagon upon a public highway, are both approaching
a crossing of such highway with such railroad, under
circumstances indicating that a collision between
them is likely to occur, if they both proceed on their
way without stopping, the engineer in charge of such
train, if he has sounded the required signals with the
engine whistle, and is ringing the bell of the engine,
has a right to presume that the citizen will stop before
he drives upon the crossing, and has a right to proceed
on his way with his engine and train until he discovers
that the citizen does not stop; and if under such cir-
cumstances, he discovers that the citizen does not
stop, when it is too late to stop his train in time to
avoid the collision, and for that reason a collision
occurs, and injury results therefrom, the railorad com-
pany would not be liable therefor."   This the court
gave with the following amendment:  "But if the en-
gineer makes the discovery, before it is too late, that
the citizen does not stop, and if, after making such

discovery, the engineer could have stopped his train, and did not, then, in that view of the case, the railroad company would be liable for the injury inflicted upon the citizen by such collision." It is insisted that the instruction as requested correctly stated the law applicable to the case as presented by the evidence; but the court's modification thereof, by adding thereto the part above set out, destroyed its applicability, and injected into the cause a new issue, inasmuch as the plaintiff's case is based wholly upon the omission of appellant to give the required signals when its train was approaching the public crossing, and that there was no claim under the evidence that the engineer could have stopped in time, after seeing the plaintiff, to have avoided the accident. These objections with equal propriety, could be made to the instructions as requested to be given in the first instance. The evident purpose or theory of the instructions asked for by the appellant was to inform the jury as to what the general legal rule was, in the opinion of the trial court, when a train of cars and a person in a wagon were both approaching a public crossing, under circumstances indicating that a collision would result. The addition made to the instruction simply served to amplify the rule which appellant asked to have the court declare to the jury. Inasmuch as the appellant invited the court to give an instruction, in the first instance, which, when tested by its own objections made to the amendment, ought not to have been given, it is not in a position to complain of the court's action in making the amendment and giving the instruction as amended, which could do nothing more, under appellant's contention, than to add to the objectionable charge which it had requested. See Elliott's App. Proc., sections 626, 627. Upon any view of the question, it is not in a position to complain of the modification made by the court.

Appellant also requested the court to give a series of other instructions to the jury. Some of these were given and others were refused. The ruling of the court in its refusal to give these instructions is not specially criticised, except as to number three. Counsel for the appellee, however, confront us with their contention that we cannot consider any question growing out of the court's refusal to give the instructions in controversy, for the reason that the record does not affirmatively show that those given were all that were given in the cause. An examination of the record verifies this contention. Appellee's counsel say: "For aught that appears, the court may have given instructions concerning the same questions involved in those refused." The rule for which they contend in this respect is one firmly settled by our decisions. *Musgrave* v. *State*, 133 Ind. 297, and authorities there cited; *Wilson* v. *Johnson*, 145 Ind. 40; *New York, etc., R. R. Co.* v. *Hamlet Hay Co.*, ante, 344.

Without, however, departing from the rule in question, to which we still adhere, we have, as a matter of grace to appellant, and not as a right, examined instruction three, refused, and find that the general principles of law therein stated are the same as those upon which the jury had been fully informed by the court in other instructions, and, consequently, under the circumstances, no harm can be said to have resulted to appellant from the court's refusal to give this charge. In fact, it may be said, we think, that the learned trial judge fully advised the jury upon all matters of law relative to the cause, and that the charge as a whole was as favorable to appellant as it could legitimately have requested.

The evidence is conflicting; yet there is evidence which fully sustains the judgment of the lower court, and therefore, under a well settled and controlling

rule, we cannot disturb the decision of the lower court upon the evidence. Judgment affirmed.

### On Petition for Rehearing.

Per Curiam.—Appellant has filed what purports to be a petition for a rehearing. It presents no question, however, for the consideration of this court, for the reason that it does not state any specific cause or causes for which the judgment of affirmance is supposed to be erroneous, and therefore does not conform to rule thirty-seven of this court. A petition for a rehearing, under the rules of appellate procedure, is a pleading, and not a mere argument or brief, as is the paper in this case which is denominated a petition. This court has recently had occasion to state and point out what was essentially required in order to constitute a sufficient petition for a rehearing. See *Reed* v. *Kalfsbeck,* 147 Ind. 148; *Finley* v. *Cathcart, ante,* 470. For the reasons stated the petition is ordered to be overruled.