## DELPHOS HOOP COMPANY v. SMITH.

[No. 21,913.   Filed June 8, 1911.]

1. WORK AND LABOR.—*Parties.—Evidence.—Motion to Dismiss.— Directing Verdict.*—In an action by plaintiff for work and labor performed, and for board for defendant's servants, a motion to dismiss the action and to direct a verdict for defendant on the ground that plaintiff had a partner in the performance of such labor, who was not made a party, was properly overruled, where the plaintiff's right to recover for such board was unquestioned.   p. 30.

2. TRIAL.—*Motion to Direct Verdict.—Waiver by Introducing Evidence.*—Any error in overruling a motion to direct a verdict for defendant is waived by defendant's subsequent introduction of evidence in his favor.   p. 31.

3. WORK AND LABOR.—*Evidence.—Appeal.—Parties.—Partners.*— In an action by plaintiff for work and labor performed in sawing lumber, a judgment for the plaintiff will not be set aside on the ground that he had a partner and that such partner was not

made a party to the action, where the evidence showed that the plaintiff and the defendant alone made the contract and that such alleged partner was to receive a portion of the profits only, sharing in losses as well as profits being essential to a partnership. p. 31.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Action by Josiah H. Smith against the Delphos Hoop Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*W. H. Eichhorn* and *E. C. Vaughn,* for appellant.
*A. L. Sharpe* and *Ray R. Sturgis,* for appellee.

MONKS, J.—This action was brought by appellee to recover for work and labor performed by him in sawing lumber, under a contract with appellant, and for board furnished by appellee to appellant's servants at the request of appellant.

A trial of said cause resulted in a verdict in favor of appellee, and over a motion for a new trial judgment was rendered against appellant.

At the close of appellee's evidence-in-chief, appellant, before introducing its evidence, moved to dismiss the action, for the reason that the evidence shows that one Bowman "is a party in interest in the cause of action and in obtaining the relief demanded, and has an interest in the subject-matter involved in plaintiff's complaint," but is not made a party to the action. This motion was overruled. Appellant thereupon moved to instruct the jury to return a verdict in its favor "on the issues formed on the complaint." This motion was overruled. These rulings are assigned as causes for new trial.

It is insisted by appellant that the court erred in overruling each of said motions, because "on the trial of said cause one Bowman, a witness for appellee, testified that he was to bear half the expenses and receive half the profits," and because "by §§251, 252, 263 Burns 1908, §§251,

252, 262 R. S. 1881, it is enacted that every action must be prosecuted in the name of the real party in interest, and that all persons having an interest in the subject-matter of the action, and in obtaining the relief demanded, shall be joined as plaintiffs.'' Said motions were properly overruled, for the reason, if for no other, that evidence had been given to sustain an item in the complaint for board furnished the employes of appellant at its request, to which the evidence of witness Bowman had no application, and in which there was no evidence that any one except appellee had any interest whatever. Moreover the right of

2. appellant to question the action of the court in overruling the motion of appellant to instruct the jury to return a verdict in its favor was waived, because, after said motion was overruled by the court, appellant introduced its own evidence. In the case of *Baltimore, etc., R. Co.* v. *Conoyer* (1898), 149 Ind. 524, 527, the court said: ''If a defendant in an action, upon the close of the plaintiff's evidence in chief, moves to direct a verdict on such evidence in his favor, he must stand by his motion; for, if he subsequently introduces his own evidence, he will be regarded as having waived or receded from his motion, and therefore no question can be considered under such motion on appeal.''

It is also insisted by appellant that as ''the evidence shows that the account sued on is due to appellee and another, the verdict is contrary to law,'' and that therefore the

3. court erred in overruling its motion for a new trial. This contention is predicated upon §251, *supra,* providing that ''every action must be prosecuted in the name of the real party in interest.'' It is not necessary to decide whether this question is properly presented by said cause for a new trial under the issues in the case, for the reason that if it is, it does not necessarily follow that the court erred in overruling appellant's motion for a new trial.

The evidence shows that the contract for sawing said lumber was entered into by appellee and appellant, and that no other person was mentioned or known as a party thereto, or as having any interest therein.

Witness Bowman testified that he was interested, in a sense, in the job appellee had of sawing lumber for appellant, in this—that he owned the engine that pulled the mill of appellee while the lumber was being sawed under the contract sued upon, and for which he was to have half the profits and furnish half the expense. He was asked if he was "entitled to half the recovery if appellee recovered anything," and he answered that "nothing had been said about it."

Appellee was a witness on his own behalf, and on cross-examination by appellant testified that he had no partner in the work of sawing this lumber for appellant under said contract.

There was no evidence, except as before set out, that witness Bowman was to share in the profits of said contract, because he was a principal therein, or that he was to share in the losses, or that he and appellee had any community of interest in said contract.

"It has been decided in a number of cases that to constitute a partnership *inter sese* there must be a community of losses as well as of profits." 30 Cyc. 380, and note 34.

The court submitted the question of whether said Bowman was a party in interest in said contract with appellee within the meaning of §251, *supra,* and the jury, by its verdict, found that he was not.

It does not necessarily follow from the evidence that appellee and said Bowman were partners as between themselves in the contract sued upon (*Macy* v. *Combs* [1860], 15 Ind. 469, and cases cited; *Emmons* v. *Newman* [1871], 38 Ind. 372, 374, 375; *Keiser* v. *State* [1877], 58 Ind. 379, and cases cited; *Stumph* v. *Bauer* [1881], 76 Ind. 157; *Bradley* v. *Ely* [1900], 24 Ind. App. 2, 79 Am. St. 251, and cases

cited; George, Partnership 30-52; Mechem, Partnership §§42-50); nor that Bowman was a real party in interest therein with appellee, within the meaning of §251, *supra*.

Under the rules governing this court in determining such questions on appeal, we cannot say from the evidence that the verdict was contrary to law as to said question of fact, or as to any other question of fact in the case.

Judgment affirmed.