CHICAGO AND ERIE RAILROAD COMPANY *v.* SCHIPPER.

[No. 10,793.    Filed May 31, 1921.]

1. TRIAL.—*Motion for Peremptory Instruction.—Refusal.— Waiver of Error.*—Where defendant did not at the close of all the evidence renew its request for a peremptory instruction made at the close of plaintiff's evidence, error, if any, in refusing such instruction was thereby waived. p. 671.

2. RAILROADS.—*Injuries to Animals on Tracks.—Evidence.— Sufficiency.*—In an action against a railroad company to recover for horses alleged to have been killed by its train, evidence *held* sufficient to sustain a verdict for plaintiff, although there was no direct testimony that the horses were struck by defendant's train, the evidence being such that such fact was inferable therefrom. p. 671.

3. APPEAL.—*Review.—Evidence.—Sufficiency.—Scope of Review.* —In determining the sufficiency of the evidence the court on appeal is limited to a consideration of the evidence most favorable to appellee, including such inferences as the jury might have reasonably drawn therefrom. p. 671.

4. DAMAGES.—*Loss of Animals.—Recovery of Interest on Value.* —In an action to recover the value of horses killed on railroad tracks, interest on the value of the horses from date of death to time of trial could not be recovered. p. 672.

5. APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—*Amount of Recovery.*—Where the undisputed testimony as to the value of horses killed by defendant's train fixed the value in excess of the amount of plaintiff's judgment, which was for $492.33, the court on appeal must conclude that a remittitur of $142.33 was abundantly large to cover all added interest erroneously allowed by an instruction on damages and the effect of such instruction thereby nullified. p. 672.

From Wabash Circuit Court; *Nelson G. Hunter,* Judge.

Action by Eilt Schipper against the Chicago and Erie Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Fred H. Bowers* and *Milo H. Feightner,* for appellant.

*D. F. Brooks,* for appellee.

ENLOE, C. J.—This action was to recover the value of two horses alleged to have been struck and killed by trains of appellant. The complaint alleged that the appellee was the owner of a farm lying on both sides of the track and right of way of appellant in Wabash county, Indiana; that the fences along the right of way of appellant through said farm were out of repair and down and insufficient to turn stock; that said horses strayed from appellee's field and got upon said right of way and track where said fence was so out of repair and were there struck and killed. Damages were asked in the sum of $500.

The cause was submitted to a jury for trial upon an issue formed by a general denial to this complaint, and a verdict returned for the appellee in the sum of $492.33. The appellant duly filed its motion for a new trial, assigning numerous reasons therefor, among which were error in refusing instructions, error in giving instructions, verdict not sustained by sufficient evidence, verdict contrary to law, excessive damages, and misconduct of counsel for prevailing party.

Pending the ruling on said motion the appellee entered a remittitur in the sum of $142.33. After which the motion for a new trial was overruled and judgment rendered for the sum of $350, and costs.

The only error assigned is the action of the court in overruling the motion for a new trial.

At the close of the evidence given on behalf of the appellee, the appellant requested the court to give to the jury a peremptory instruction to find for appellant; this request was refused. Appellant insists this was error; that the appellee had entirely failed to make out his case, and appellant was therefore entitled to have said instruction given. Appellant did not, at the close of all the evidence, renew its said request, and the error therefore, if any, in refusing to give said instruction, was thereby waived. *Delphos Hoop Co.* v. *Smith* (1911), 176 Ind. 29, 95 N. E. 309; *Baltimore, etc., R. Co.* v. *Conoyer* (1897), 149 Ind. 524, 48 N. E. 352, 49 N. E. 452.

It is next insisted that the evidence is not sufficient to sustain the verdict. We think it amply sufficient. The evidence shows that the horses were each upon the track of appellant; that one of them had gotten into a wooden bridge; that both were found on the right of way in a badly crippled condition; that the right of way fence was in a bad state of repair. While there was no direct testimony that said horses or either of them were struck by one of appellant's trains, yet that was a fact to be found by the jury. They had the right to draw all fair and reasonable inferences from the facts otherwise proved, and on appeal this court is limited to a consideration of the evidence most favorable to appellee, including such inferences as the jury might have reasonably drawn therefrom. *Roper* v. *Cannel City Oils Co.* (1918), 68 Ind. App. 637, 121 N. E. 96.

It is next urged that the court erred in giving instruction No. 7 of the instructions given by the court of its own motion. This instruction told the jury that if they found for the plaintiff, that they should fix his damage at such sum as the evidence fairly shows the horses to have been worth at the time of the loss, with six per cent. interest thereon to date. This instruction did not state the law. No interest could be added. *New York, etc., R. Co.* v. *Zumbaugh* (1895), 12 Ind. App. 272, 39 N. E. 1058. However, as the undisputed testimony as to the value of said horses at the time they were injured, fixed their value at a sum in excess of that for which the judgment in this case was rendered, we must conclude that the remittitur was abundantly large to cover all added interest, and the effect of said instruction thereby nullified.

Complaint is next made of misconduct on the part of counsel for appellee. While the action complained of cannot be classed as commendable, we think the action of the court, in instructing the jury to disregard the statement, to which objection was made, was sufficient to protect appellant from any harm on account thereof.

We find no error in this record for which said judgment should be reversed, and the same is therefore affirmed.