BERRY ET AL. *v.* STATE BANK OF OTTERBEIN ET AL.

[No. 15,030.   Filed February 13, 1935.]

*Burton B. Berry, Wilbur G. Nolin* and *Ernest M. Hawkins,* for appellants.

*Fraser & Isham,* for appellees.

BRIDWELL, J.—Appellants brought this action against appellees by a complaint in two paragraphs, the purpose of the action being to establish and enforce a preferred claim against the receivership estate of appellee, State Bank of Otterbein. Appellees filed their answer to the complaint in general denial. The cause was submitted to the court for trial, and at the close of all the evidence appellants filed a motion for a finding and judgment that their claim was a preferred claim. This motion was overruled and the appellants excepted. The court made a general finding against appellants as to the claim being a preferred one, but found in their favor that they were entitled to a general claim in the amount of $350. Appellants filed motion for a new trial which was overruled, and they excepted. Judgment was rendered in accordance with the finding, and this appeal thereafter perfected, the errors assigned and relied upon for reversal being alleged error in overruling appellants' motion for a finding and judgment that the claim was a preferred claim, and in overruling the motion for a new trial.

The overruling of the motion of appellants for a finding and judgment in their favor cannot properly be made the basis for an independent assignment of error on appeal, as such a motion is in purpose similar to a motion for a directed verdict in case of a trial by jury. Such action must be presented to the trial court as a cause for a new trial, and the court's refusal to grant a new trial assigned for error in order to present the question for review. *Chicago etc. R. Co.* v. *Mitchell* (1916), 184 Ind. 383, 110 N. E. 215; *U. S. etc. Ins. Co.* v. *Batt* (1912), 49 Ind. App. 277, 97 N. E. 195.

The motion for a new trial specifies five causes why same should be granted. These causes, considered separately or together, present but one question, and that

is as to whether under the facts proved the court erred in holding that the claim of appellants was not entitled to preference.

The evidence discloses that appellants are attorneys at law and that the sum they seek to recover as a preferred claim is an amount claimed to be due them for professional services rendered in securing judgment on two promissory notes, said judgment being in favor of the Farmers & Merchants State Bank of Otterbein and against Jesse and Ada McKinney. The judgment was taken on November 20, 1929, and was for the sum of $7920, principal and interest, and $300 attorneys' fees, in all $8220. On April 15, 1929, said Farmers & Merchants State Bank of Otterbein was merged with the State Bank of Otterbein, and it is stipulated "that said judgment by virtue of said merger agreement became the absolute property of the State Bank of Otterbein." On November 13, 1930, a letter was written by Berry and Nolin (two of the appellants) to the State Bank of Otterbein, in response to a letter received from said bank, wherein it was stated that there never had been any offer of compromise made to said attorneys, and suggesting that some officer of the bank, or some person connected with it, see if some arrangement could not be made to get the judgment satisfied. On December 5, 1930, said attorneys by letter informed said bank that "Jesse" (one of the judgment debtors) had said that he thought he could make arrangements to pay $3000, and give his note, with his mother as endorser, for the balance due on said judgment. In this letter it was urged that the matter receive attention without delay, and "before any more complications arise." On December 6, 1930, appellants Berry and Nolin entered in writing in the margin of the record where said judgment was recorded, their intention to hold a lien thereon for $300

attorneys' fees, with interest from date of judgment. On December 23, 1930, the judgment debtors and the State Bank of Otterbein agreed that two new notes would be given to said bank for the amount due on said judgment, one for the sum of $3991.66, to be executed by Jesse, Ada, and Millie McKinney, the other for $4500 to be secured by first mortgage on certain real estate, and that said judgment should be satisfied of record. This agreement was carried into effect, the new notes and mortgage executed and delivered to said bank and entered on its records as assets, and thereafter, on January 8, 1931, said judgment was satisfied of record, the entry showing "this judgment fully paid and satisfied by the execution of new notes and mortgage." Berry and Nolin, as attorneys of record, under authority of the bank owning the judgment, entered the acknowledgement that the same was fully paid and satisfied. On July 21, 1931, A. Earl Van Natta was appointed as receiver of the State Bank of Otterbein, and the notes and mortgage heretofore mentioned were among the assets of the bank that passed into his possession as such receiver.

There is also evidence to prove that at the time of the making of the agreement to accept new notes and mortgage in satisfaction of the judgment existing, that the officers of the bank making said agreement had no actual knowledge of the fact that there was included in the amount of the judgment to be satisfied the sum of $300 allowed as attorneys' fees to the plaintiff securing the judgment, and also evidence that the attorneys for the judgment creditor (appellants herein) never agreed that attorneys' fees due to them for securing said judgment should be included in any new notes taken by the bank in satisfaction of the judgment involved. It also appears from the evidence of appellant Berry that nothing was said by him to the president of the

bank about attorney fees during the negotiations for settlement of the judgment, but, that after he found out how the judgment had in fact been settled, he asked that the $300 allowed for such fees be paid, and was informed that this amount would be sent them; that the bank was a "little short" but would send the $300; that he thought he would get the money in by March 1st, and that he (said Berry) informed the president of the bank that "if you get the money by March, we don't care, it will be all right." Appellants have never received any payment for services rendered before and after said judgment was taken.

It is apparent from an examination of the record in this case that appellants proceed on the theory that the $300 allowed as attorney fees is their fee, and that they had an interest and ownership in said judgment to the extent of the amount of the fee allowed. This theory is not tenable. The judgment in its entirety was the property of the bank which succeeded to the rights of the Farmers and Merchants State Bank (the original judgment creditor), under the merger agreement. It was not necessary that the State Bank of Otterbein secure the consent of the attorneys who acted for the plaintiff in the cause where the judgment was rendered before consummating an agreement for the satisfaction of said judgment, and the fact that the officers of the bank had no knowledge that attorneys' fee was one of the items of recovery embraced in the judgment, and the further fact that the attorneys securing the judgment did not consent that said amount be included in the new notes taken, can make no difference.

It is well settled that in a receivership proceeding the receiver takes the assets subject to all legal and equitable liens or claims existing. *Rottger* v. *First Merchants Nat. Bank of Lafayette* (1934), 98 Ind. App. 139, 184 N. E. 267; *Terre Haute*

*Trust Co.* v. *Scott* (1932), 94 Ind. App. 461, 181 N. E. 369. This principle, however, is not helpful to appellants in the instant case. While it is proven that two of the appellants (Berry and Nolin) took proper steps to acquire a statutory lien pursuant to the provisions of section 4-3619, Burns Ind. Stat. Ann. 1933, it is also without dispute that the judgment to which the lien attached was satisfied of record by them as attorneys for the judgment creditor, without protest or any attempt to preserve or enforce such rights as they may have acquired by reason of the lien. Appellants having urged that a settlement be made, and having themselves satisfied the judgment, no question of constructive fraud is presented.

There is no evidence which would justify this court in holding that an equitable lien exists in favor of appellants. After the State Bank of Otterbein was advised that appellants had not been paid for their services it agreed to pay, and failed to do so. Under the facts in this cause no relationship between appellant and said State Bank other than that of debtor and creditor is shown to exist.

We find no error in the record. Judgment affirmed.