PESCH *v.* GRETTER ET AL.

[No. 27,331.   Filed January 23, 1940.]

*Bernard H. Lesch* and *Claude D. Carson,* both of Plymouth, for appellant.

*Galman Dexter, Lauer & Dexter,* all of Plymouth, and *Walter R. Arnold,* of South Bend, for appellee.

FANSLER, J.—The appellant was plaintiff below. After issues were formed, and the plaintiff had introduced his evidence, the defendant moved the court in writing for judgment against the plaintiff and in favor of the defendant. There was a memorandum attached to the motion setting out several argumentative reasons why the motion should be sustained. The motion was sustained. The appellant excepted, and judgment was entered for the defendant. The judgment was entered on the 30th day of June, 1938, in the January term of court. There was no motion for a new trial, nor was time granted for the filing of a bill of exceptions. On the 24th day of September, 1938, in the September term of court, the appellant presented, and the court signed, sealed, and certified to, a bill of exceptions containing the evidence, which was then filed in the cause.

The only error assigned is upon the action of the court in sustaining the defendant's motion and entering judgment for the defendant.

This involves the sufficiency of the evidence. To make the evidence a part of the record upon appeal it must be brought in by a bill of exceptions, filed within the term at which the judgment is taken or motion for a new trial overruled, or within the time thereafter which is allowed by the court by order made at the term in which the judgment is taken or motion for new trial overruled. It follows that, since the bill of exceptions presented by the appel-

lant was not filed at the term, or within the time thereafter allowed by the court, it is ineffective to bring the evidence before us.

The appellant seeks to avoid this difficulty by contending that the defendant's motion for judgment was in effect a demurrer to the evidence; that a demurrer to the evidence properly should contain all of the evidence; and that on appeal from a ruling upon a proper demurrer to the evidence, the evidence is before the court as a part of the demurrer. It is said in a well-known and standard work on Indiana practice: "A demurrer to evidence goes to the sufficiency or insufficiency of the evidence to sustain or overthrow the issue joined upon a cause of action or defense. It is an awkward and now almost obsolete method of testing the sufficiency of the evidence of an adverse party to sustain his cause of action or defense. Instead of demurring to the evidence, the modern practice, in cases tried by the court, is to move for a finding in the movant's favor, and, in trials by jury, to move that the jury be instructed to render a verdict for the party making the motion." Watson's Rev. of Works' Practice and Forms, Vol. 2, § 1548, pp. 214, 215.

It is noted that the motion by the defendant did not attempt to set out the evidence, or any of it. It was not denominated a demurrer to the evidence. It did move for judgment, and it must be treated as a motion for a finding and judgment for the defendant. It is not contemplated that the evidence shall be set out in such a motion, and the motion filed was sufficient to evoke the court's action, and there was no error in considering and ruling upon it. If there was error it was in sustaining the motion when there was sufficient evidence to justify a recovery by the plaintiff. The evidence is not brought into the

record by a proper bill of exceptions, or by any other method known to the practice, and therefore there is no question to consider concerning the sufficiency of the evidence.

Judgment affirmed.

Note—Reported in 24 N. E. (2d) 923.