CROXTON, ADMINISTRATRIX *v.* CROXTON.

[No. 16,836. Filed January 30, 1943.]

*Edgar W. Atkinson* and *Hugh G. Sanders,* both of Auburn, for appellant.

*Mountz & Mountz,* of Garrett, for appellee.

ROYSE, J.—This is an action in which the appellee filed exceptions to the final report of the appellant in the matter of the estate of Emmett S. Croxton, deceased. The court found for appellee on certain exceptions, disallowed certain credits claimed by appellant in her final report, and found that the estate was not insolvent, as was represented by appellant in her final report, and that appellee's claim should be paid in full. Judgment was that the final report should be recast in accordance

with the court's findings to show payment in full of appellee's claim and that appellee should recover his costs.

The errors assigned in this court are the overruling of appellant's motion for a new trial, and the alleged error of the trial court in overruling appellant's motions to strike out exceptions numbered 9 and 11.

The motion for a new trial is on the grounds: (1) The decision of the court is not sustained by the evidence; (2) the decision of the court is contrary to law.

Appellee claims the evidence is not in the record and therefore the motion for a new trial presents no question for the consideration of the court.

The record discloses that trial was had on the 16th day of April, 1941, the same being the 27th judicial day of the March Term, 1941, of the Steuben Circuit Court. On the same day the court found for appellee, and also on the same day the motion for new trial was filed and overruled. It does not appear from the record that any time was given for filing the bill of exceptions. Afterwards, on the 27th day of June, 1941, being the 23rd judicial day of the June Term, 1941, of the court, appellant tendered her bill of exceptions containing the evidence, which was signed by the court and ordered filed.

It is the well settled law in this jurisdiction that when no time is given in which to file a bill of exceptions, and it is signed and filed after the expiration of the term at which the motion for a new trial was overruled and judgment rendered, such a bill of exceptions is not a part of the record and cannot be considered. *Johnson et al. v. Ballard et al.* (1897), 148 Ind. 181, 182, 46 N. E. 674; *Taylor et al. v. Canaday, Rec.* (1901), 155 Ind. 671, 677, 57 N. E. 524; *Flanagan v. State* (1923), 192 Ind. 662, 137 N. E. 179; *Pesch v.*

*Gretter et al.* (1940), 216 Ind. 396, 24 N. E. (2d) 923; *Union Insurance Co. of Indiana* v. *Glover* (1941), 109 Ind. App. 315, 34 N. E. (2d) 934; *Heckman* v. *Howard et al.* (1941), 109 Ind. App. 548, 36 N. E. (2d) 957.

In the case at bar, time not having been granted to file the bill of exceptions after the term, the appellant's first assignment of error presents no question to this court.

When objections are filed to the report of an administrator or executor, the report constitutes the complaint, and the exceptions the answer. The statute (Acts 1883, ch. 121, § 24, p. 151, § 6-1408, Burns' 1933, § 3207, Baldwin's 1934) provides for the filing of exceptions but does not authorize or contemplate any other pleading. The question of fact raised by the exception is deemed denied or avoided, as the case may be, without any additional pleading. The cause is tried on the issues raised by the final report considered as the complaint, and the exceptions as the answer. Such a proceeding is not a civil action and the provisions of the code are not applicable. *Dohle et al.* v. *Stults, Administrator* (1884), 92 Ind. 540; *Spray* v. *Bertram, Administrator, et al.* (1905), 165 Ind. 13, 15, 74 N. E. 502; *Miller* v. *Bode, Admr.* (1923), 80 Ind. App. 338, 343, 139 N. E. 456; *Meier et al.* v. *Union Trust Co. of Indianapolis, Exr.* (1931), 93 Ind. App. 457, 484, 485, 176 N. E. 42; *Gary State Bank* v. *Gary State Bank, Admr., et al.* (1936), 102 Ind. App. 342, 346, 347, 2 N. E. (2d) 814. Therefore, appellant's second assignment of error presents no question to this court.

For the reason that no question has been presented by this appeal, the judgment of the Steuben Circuit Court is affirmed as of the date of submission of this cause, it having been suggested to this court that the

appellee has died subsequent to the submission of this cause.

NOTE.—Reported in 46 N. E. (2d) 249.