ALYEA ET AL. *v.* ALYEA ET AL.

[No. 17,118.   Filed May 28, 1943.]

*Walter G. Todd* and *Milton E. Craig,* both of Indianapolis, and *Thomas E. Davidson,* of Greensburg, for appellants.

*John M. Wood,* and *Wickens & Wickens,* all of Greensburg, for appellees.

Royse, C. J.—Appellee Stella Alyea has filed her motion to dismiss this appeal on the ground: "That no question is presented by the appeal of this case because the only error relied upon by Appellants in their assignment of error is the action of the trial court in overruling their motion for a new trial; that this requires a consideration of the evidence, which evidence is not in the record because the bill of exceptions containing the evidence was not filed during the term at which the motion for a new trial was overruled, and no time was given by the court in which to file said bill of exceptions."

The assignment of error in this court is on the sole ground: "The trial court erred in overruling appellants' motion for a new trial in said cause." The motion for a new trial, omitting the formal parts, is as follows:

"(1)   The decision of the Court is contrary to law.

"(2)   The decision of the Court is not sustained by sufficient evidence.

"(3)   The Court erred in permitting defendant and witness, Howard Alyea, to testify as a witness to any and all transactions or conversations, occurring prior to death of Gregg Alyea, over objections of defendants James Alyea, Esther Alyea and Helen Via for the

reason that said Howard Alyea was and is rendered incompetent by Statute."

The only questions presented call for a consideration of the evidence.

The record discloses that on the 10th day of December, 1942, the trial court overruled the motion for a new trial. The entry showing such action of the trial court is as follows: "And now counsel for both sides waive argument on motion for a new trial, and now the court overrules defendants' joint and separate motion for a new trial. To which ruling of the court the defendants separately and severally object and except."

The bill of exceptions containing the evidence was not filed, nor presented to, nor signed by the judge until the 13th day of February, 1943. This court knows judicially that the 10th day of December, 1942, was the 34th judicial day of the November, 1942, term of the Decatur Circuit Court, and that the 13th day of February, 1943, was the 12th judicial day of the February, 1943, term of said court. "It is the well-settled law in this jurisdiction that when no time is given in which to file a bill of exceptions, and it is signed and filed after the expiration of the term at which the motion for a new trial was overruled and judgment rendered, such a bill of exceptions is not a part of the record and cannot be considered." *Croxton* v. *Croxton* (1943), 112 Ind. App. 645, 46 N. E. (2d) 249, and authorities there cited.

No time having been granted at the time the motion for a new trial was overruled, the appeal herein presents no question and is therefore dismissed.

NOTE.—Reported in 48 N, E. (2d) 1003.