VERONICA ANN PINKSTON *v.* STATE OF INDIANA.

[No. 3-574A91. Filed April 16, 1975.]

*Robert S. Bechert,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

GARRARD, J.—The appellant, Pinkston, was convicted of the unlawful sale of narcotics (heroin) in a trial to the court. The sole error assigned is that the court erred in denying a motion

for a directed finding made at the conclusion of the state's case in chief.

The trial court denied the motion and Pinkston elected to proceed with the presentation of her evidence. At the conclusion of all the evidence no effort was made to renew the motion. The motion to correct errors and Pinkston's argument on appeal do not assert that the decision was not sustained by the evidence or was contrary to law.

We are thus presented with the question of whether any error has been preserved for appeal. We conclude that it has not.

IC 1971, 35-4.1-2-2, Ind. Ann. Stat. § 9-1102 (Burns 1974 Supp.) and Indiana Rules of Procedure, Criminal Rule 21, provide for application of the rules of civil procedure to criminal trials when those rules do not conflict with express rules of criminal procedure. Rule Tr. 41(B) is applicable to a criminal trial. It provides the mechanism for a "directed finding" in a trial to the court by permitting a motion for involuntary dismissal based upon failure of proof.

Other decisions have already noted that TR. 41(B) and TR. 50 (providing for judgment on the evidence in jury trials) are to be construed as companion rules and do not materially modify the practice formerly followed in Indiana. See, *Hoosier Ins. Co.* v. *Ogle* (1971), 150 Ind. App. 590, 276 N.E.2d 876; *Ohio Cas. Ins. Co.* v. *Verzele* (1971), 148 Ind. App. 429, 267 N.E.2d 193.

Traditionally, where such a motion was denied, the movant was put to an election. She could stand on the record and seek reversal on appeal, or she could proceed to present her own evidence.[1] If she elected to proceed, the introduction of evidence constituted a waiver of any error in the ruling on the

---

1. It is unnecessary to consider the evolution of the reservation of the right to proceed. Early problems appear to have arisen from the concept that the motion was in actuality or effect a demurrer to the evidence.

motion.[2] *Delphos Hoop Co.* v. *Smith* (1911), 176 Ind. 29, 95 N.E. 309; *Berry* v. *State Bank of Otterbein* (1935), 99 Ind. App. 655, 193 N.E. 922; see, also, cases collected in 26 West's Indiana Digest, *Trial,* § 420.

While some of the reasons for this waiver doctrine are to be found in the code pleading theories of another day, a more enduring reason lies in the recognition of substance over form and the desire that cases be adjudicated upon their factual merits. Thus, if the defect is cured as a result of the subsequent evidence, justice requires that the court consider such evidence in reaching its decision. This was recognized by the framers of Rule TR. 41(B) in providing that when the motion is made, the court may decline to render any judgment until the close of all the evidence. The necessary implication of that provision is that the court may consider all the evidence. Thus, the court in *Hoosier Ins. Co.* v. *Ogle, supra,* held that under TR. 41(B) a defendant waives any error in the denial of his motion if he proceeds with the presentation of evidence.[3]

Accordingly, since no error but the overruling of the motion was assigned, and since any error in that ruling was waived by Pinkston's election to proceed with the introduction of evidence, no error was preserved for appeal.

Affirmed.

Hoffman, J., concurs.

Staton, P.J., concurs with opinion.

2. The cases clearly establish the election to proceed and the introduction of evidence as the operative event. Some of the decisions further analogize to jury trial practice and additionally mention the failure to renew the motion at the close of all the evidence. See, e.g. *Dowell* v. *Jolly* (1959), 130 Ind. App. 280, 159 N.E.2d 590; *McDaniels* v. *McDaniels* (1945), 116 Ind. App. 322, 62 N.E.2d 876. Renewal of the motion in a trial to the court would appear to be superfluous to the preservation of error since the defect, if still present, can be reached by the assignment that the decision is not sustained by the evidence and is contrary to law. Accord: *Farm & Home Ins. Co.* v. *Templeton* (1967), 142 Ind. App. 110, 232 N.E.2d 367.

3. TR. 50(A)(6) expressly provides that error in the denial of a motion shall be deemed corrected by evidence thereafter offered or admitted.

### CONCURRING OPINION

STATON, P.J.—TR. 41(B) further provides: "If the court renders judgment on the merits against the plaintiff or party with the burden of proof, the court, when requested at the time of the motion by either party shall make findings if, and as required by Rule 52 (A)." This provision of TR. 41(B) is not applicable to criminal procedure. *Neeley* v. *State* (1973), 156 Ind. App. 489, 297 N.E.2d 847; affirmed 261 Ind. 434, 305 N.E.2d 434.