BALL *v.* MCPHEETERS.

[No. 26,708. Filed February 2, 1937.]

*Oscar B. Thiel* and *Hunter J. Von Leer,* for appellant.
*Frank Hamilton,* for appellee.

RoLL, J.—Appellee brought this action in the Superior Court of Vigo County to recover damages for injuries alleged to have resulted from the negligent operation of

an automobile by appellant. The complaint was in one paragraph and appellant, after his motion to strike out parts of the complaint and his motion to make the complaint more specific was overruled, filed his demurrer thereto which was overruled by the court. An answer in general denial closed the issues. The cause was tried to a jury and a verdict in favor of appellee was returned. Judgment was entered on the verdict. Appellant filed a motion for a new trial, assigning eighty-two reasons therein, which motion was overruled.

The errors assigned for reversal and not waived are: (1) The overruling of appellant's motion for judgment on interrogatories to the jury notwithstanding the general verdict; and (2) in overruling his motion for a new trial.

Appellant, in his brief, does not question the sufficiency of appellee's complaint, so we will very briefly state the substance of the complaint, as follows: That on the seventh day of July, about 6:30 p. m., appellee was walking in a northerly direction along a foot path at the west side of state road No. 63, a short distance south of the City of Terre Haute; that state road No. 63 is a paved highway and about eighteen feet wide; that appellant was at the same time driving his automobile north over said road and attempted to pass a truck going in the same direction when the truck was opposite appellee; that appellant drove his car to the west side of the road and ran his automobile over and against appellee; that the left front fender of appellant's automobile struck appellee causing injuries described in the complaint. The negligence of appellant is described as driving in a manner that was not safe and prudent and in such manner as to endanger the life and limb and the property of other persons lawfully using the highway; excessive speed; failure to slow down as he approached appellee; failure to have his automobile under

control so as to avoid striking appellee while walking along and upon the west side of the highway; in attempting to pass the truck that was traveling in the same direction as appellee and appellant at a time when the truck was opposite appellee; failure to apply the brakes in time to avoid striking appellee; failure to keep a proper lookout for pedestrians upon and along the highway. It is alleged that state road No. 63 is a heavily traveled road, both by pedestrians and by automobiles.

Appellant contends that as the answers by the jury to the interrogatories show that at the time appellee was struck by appellant's automobile, appellee was walking on the foot path along the west side of the road, and they further show that appellant's automobile did not get off the paved part of the highway, that the answers are in irreconcilable conflict with the general verdict and therefore the court should have entered judgment for appellant. Considering only the pleadings, the answers, and the general verdict, as stated by appellant, we find no trouble in sustaining the ruling of the trial court. It does not necessarily follow that because appellee was not, at the time of the accident, on the paved portion of the highway, and that appellant's automobile at that time was not off the paved portion, that appellant's left front fender could not and did not strike appellee. The answers and the general verdict found that appellant's automobile did strike appellee, and this fact is fully supported by the evidence. That appellee walking on the foot path near the pavement could be struck by the fender of appellant's car even though the left wheel of appellant's automobile did not leave the pavement is quite possible and easily understood. So the answers are not in irreconcilable conflict with the general verdict, and the trial court properly overruled appellant's motion.

Appellant under his first proposition contends that the verdict is not sustained by sufficient evidence. Under his points he states certain abstract propositions of law, but makes no attempt to make any application to the facts in this case. We are unable to determine in what way they affect the case under consideration. Under such conditions no question is presented for our determination.

Appellant contend that the court erred in giving to the jury instruction No. 1, tendered by plaintiff. In this instruction the court quoted a part of a statute relating to the law of the road, as follows:

"In approaching a pedestrian who is walking or standing upon the traveled part of any highway, and not upon a sidewalk, and upon approaching an intersecting highway or curve or a corner on any highway where the operator's view is obstructed, every person driving or operating a motor vehicle or motor bicycle shall slow down and give a timely signal with the bell, horn or other device for signaling."

Appellant objects to the latter part of the above quotation that requires the driver to slow down upon approaching an intersecting highway, or curve or corner where the operator's view is obstructed, for the reason that that part of the instruction has no application to the facts in this case. That at the time of the accident appellant was not approaching the intersection of a highway and that the road was straight and the operator's view was unobstructed. It seems that appellant answers his own objection, that the latter part of the above quoted section of the statute could not have influenced the jury or prejudiced appellant's rights in the least. The jury was not misled by this instruction. The first part of the statute does have to do with the issues, and the fact that the court did not delete all of the statute that did not apply to the case, would not neces-

sarily work a reversal of the case. The same objection in principal is made to instructions Nos. 2 and 3 tendered by appellee. For the same reasons we hold that the giving of these instructions do not require a reversal of this case.

Complaint is made of instruction No. 7, given by the court at the request of appellee. By this instruction the court told the jury that it is the duty of the driver of an automobile upon a public highway to anticipate that pedestrians will be upon and along such highway and to look ahead to see and know that such pedestrians are not in a position to be struck by his automobile and to operate his automobile as required by statute and at such a rate of speed that a person lawfully using the highway shall not be injured by reason of the operation of his automobile or passing such pedestrian and it would be negligence to so run and operate his automobile that the same was not under control and that injury to such pedestrian cannot be avoided, provided the pedestrian was free from contributory negligence.

In this case the evidence was uncontradicted that appellant saw appellee walking along the highway when he (appellant) was several hundred feet away. Appellant himself testified that he saw appellee walking along the west side of the highway several hundred feet ahead. While the above instruction is not an accurate statement of the law as a general proposition, the objectionable part thereof is rendered harmless by the above facts. See *Rump* v. *Woods* (1912), 50 Ind. App. 347, 98 N. E. 369.

Instruction No. 8 is a similar instruction, and like objections are urged against it. The instruction defines the duty of a pedestrian using the highway to protect himself from injury by those driving automobiles, and the duty of motorists to protect pedestrians. This question was discussed in the case of *Rump* v. *Wood, supra.*

The facts and the law as stated in instruction No. 8 comes clearly within the statements made in the above cited case. There was no error in giving this instruction.

Appellant's tendered instruction No. 20 was refused by the court. Of this ruling he makes complaint. There was no error in refusing this instruction. This instruction is a correct statement of the law on the question of preponderance of the evidence. Instruction No. 17, given by the court, fully and fairly stated the law on this question and appellant had the benefit of the same rule of law as was contained in his instruction No. 20. Under such conditions it was not error to refuse to give appellant's instruction.

The court refused to give appellant's tendered instruction No. 25. By this instruction appellant requested the court to instruct the jury that the allegation in plaintiff's complaint, to wit, that plaintiff was at the time of the accident walking on the foot path at the west side of the highway, was a material allegation and must be proven by the evidence before plaintiff would be entitled to recover. The court gave appellant's tendered instructions Nos. 1 and 3. By instruction No. 1, the complaint was embodied in this instruction with the exception of the caption. By instruction No. 3 the court told the jury that the burden of proving all the material allegations of the complaint was upon the plaintiff. We think this was a sufficient charge.

We have examined appellant's tendered instructions Nos. 47 and 64. No. 47 was upon the question of speed. We find that the court fully covered this subject by the instructions which he gave. Appellant's instruction No. 64 relates to punitive damages. The court fully covered the question of damages and very clearly outlined the measure of damages to be considered in the event they concluded that plaintiff was entitled to recover. The court gave twenty instructions

tendered by appellee and fifty-five instructions tendered by appellant, making a total of seventy-five instructions. If there was any criticism on instructions, the most serious one would be that the jury was much over-instructed rather than under-instructed.

The appellant has also assigned reasons in his motion for a new trial based upon alleged misconduct of the attorney for appellee in questioning certain jurors who owned automobiles if they had any financial interest in a certain insurance company, and certain remarks by appellee's counsel in his argument to the jury. The questions presented have many times been presented to this court and decided adversely to appellant's contention and in our judgment there is no merit in appellant's position. See *Inland Steel Co.* v. *Gillespie* (1914), 181 Ind. 633, 104 N. E. 76, where this question is discussed and the cases reviewed.

We have discussed all the questions presented by appellant's brief and we find no reversible error.

Judgment affirmed.