FARMERS MUTUAL AID ASSOCIATION OF WARRICK, VANDERBURGH AND GIBSON COUNTIES *v.* YAGER ET AL.

[No. 15,824. Filed January 25, 1938.]

*Roscoe Kiper* and *J. Harold Hendrickson,* for appellant.

*Sanford K. Trippett,* for appellees.

DUDINE, P. J.—This is an appeal from a judgment in a suit instituted by appellee William H. Yager on a fire insurance policy issued by appellant.

The complaint was an ordinary form of complaint on a fire insurance policy, which complaint alleged that The Department of Financial Institutions of the State of Indiana had some interest in the property covered by the policy, and that said department was made a party to the cause so that it could set up its claim, if any, to the proceeds of said insurance.

The Department of Financial Institutions filed an answer alleging that prior to the issuance of said insurance policy, appellee Yager and his wife had executed a mortgage to the Somerville State Bank securing a note in the principal sum of $800.00 payable to said bank, that said department has taken over said Somerville Bank for the purpose of liquidation, that said mortgage indebtedness is now due and unpaid, that while said policy was in full force and effect appellant insurance company, upon request of appellee Yager, attached a "mortgage clause" to said policy, by reason of which mortgage clause the proceeds due on said policy are payable to said department to the extent of said mortgage indebtedness.

Appellant filed a motion to make the complaint more specific which was overruled. Thereafter appellant filed an answer in four paragraphs, the first being a general denial, the second and third paragraphs of answer each alleging violation of the "other insurance clause" of the policy, which clause is hereinafter set out. The fourth paragraph of answer alleged there was other insurance in force, and under the "other insurance provisions" of the policy appellant's liability would not exceed $500.00.

The issues having been closed by replies in general denial, the cause was submitted for trial before a jury. The jury by their verdict found for appellee Yager against appellant and assessed his damage at $1,200.00,

and upon the issues formed on the answer of the defendant Department found for said Department that $1,008.42 of said damages were due and should be paid to said Department on account of said mortgage indebtedness. Judgment was rendered upon the verdict in accordance therewith.

Appellant duly filed a motion for new trial which was overruled. The errors assigned upon appeal are alleged error in: (1) overruling appellant's motion to make the complaint more specific; (2) in overruling appellant's motion for a new trial.

In appellant's brief appellant complains, with reference to alleged error in overruling the motion to make the complaint more specific, only because the court did not require the plaintiff to make the general allegation in the complaint "that he has done and performed all things required of him to be done and performed under the insurance policy" more specific. In *Western, etc., Ins. Co.* v. *Spencer* (1932), 95 Ind. App. 281, 179 N. E. 794, this court decided that a similar allegation was sufficiently specific and that it complied with Sec. 394 Burns 1926 (§2-1039 Burns 1933, §143 Baldwin's 1934) which provides:

"In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege generally that the party performed all the conditions on his part. . . ."

On authority of said case we hold that said allegation was sufficiently specific.

The grounds for new trial which appellant presents are alleged error in refusing to give and in giving each of certain instructions, and alleged error in that the decision is not sustained by sufficient evidence.

Appellant assigns, as a cause for new trial, the court's refusal to give instruction number one tendered by ap-

pellant. It is sufficient to say with reference to said contention that said instruction was covered by other instructions which were given by the court, particularly instruction number two.

Instruction number two given by the court advised the jury in effect that although the policy required the insured, if fire occurred, to give immediate notice in writing of any loss thereby suffered, and within sixty days after the fire to give a detailed report concerning the fire and the property destroyed, still if "within the time granted for a performance (of said conditions the insurer) waived a compliance therewith," it is not necessary to a recovery on the policy that the insured prove a compliance therewith.

Instruction numbered three given by the court advised the jury in effect that although the policy required the insured to pay assessments levied against him by the directors of the insurer (association) within thirty days from the time of notice of such assessment— if "within the time granted for the payment of such assessments . . . the insurer waived compliance" with said provisions, it is not necessary to a recovery on the policy that insured prove a compliance therewith.

Appellant complains with reference to each of said instructions, that they were improper because no issue of waiver was tendered by the pleadings. It is true the pleadings did not expressly tender any issues of waiver. There is, however, ample evidence in the record which was admitted without objection, to sustain a finding that each of said provisions of the policy was waived by the insurer.

Section 2-1063 Burns 1933 (§168 Baldwin's 1934) provides: "No variance between the allegations in a pleading and the proof is to be deemed material, unless it have (has) actually misled the adverse party, to his

prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, this fact must be proved to the satisfaction of the court, . . ."

No evidence was offered to show that appellant was misled by the variance between the allegations in the complaint, and the proof. It is not contended upon appeal that apellant was so misled. The record shows that appellant was not so misled.

Section 2-1064 Burns 1933 (§169 Baldwin's 1934) provides: "Where the variance is not material, as provided in the last section (Sec. 2-1063 Burns 1933, §168 Baldwin's 1934, *supra*) the court may direct the fact to be found according to the evidence, . . ." This provision sanctions the parts of said instructions of which appellant complains. See *Union Frat. League* v. *Sweeney* (1916), 184 Ind. 378, 111 N. E. 305, followed in *Amer. Ben. Life Assn.* v. *Hall* (1933), 96 Ind. App. 498, 185 N. E. 344; *Western, etc., Ins. Co.* v. *Spencer, supra;* *Home Ins. Co.* v. *Day* (1929), 90 Ind. App. 128, 168 N. E. 464; *Illinois Pipe Line Co.* v. *Coffman* (1934), 98 Ind. App. 419, 188 N. E. 217.

Furthermore Section 2-3231 Burns 1933 (§505 Baldwin's 1934) provides: "No judgment shall be stayed or reversed in whole or in part, by the Supreme Court for any defect in form, variance or imperfection contained in the record, pleadings, process, entries, returns, or other proceedings therein, which, by law might be amended by the court below, but such defects shall be deemed to be amended in the Supreme Court; . . ." Pursuant to said statute we deem the complaint amended to conform with the proof of waiver by the insurer of said provisions of the policy.

By instruction twelve the court advised the jury as follows:

"Some evidence has been adduced at this trial to the effect that on account of the alleged non-payment of assessments, the policy in suit was canceled, or attempted to be canceled, by the defendant Association, before the alleged fire occurred. You are instructed that before a cancellation thereof could be valid or effectual, notice thereof must have been brought to the attention of the insured. So, if you find from the evidence that no notice of such alleged cancellation was given to the insured before the fire occurred, then, in such an event, there was no effective cancellation of said policy."

Appellant bases its alleged error, with reference to said instruction, on the fact that no question of cancellation or notice of cancellation was presented by the issues. It is true such questions were not expressly tendered by the issues, but there is ample evidence in the record to support a finding that the policy in suit was not canceled, and that no notice of cancellation was brought to the attention of the insured before the fire.

The propositions of law which we have stated above with reference to instructions numbered three and seven are applicable to the contentions made with reference to instructions numbered twelve and thirteen given to the jury. We hold that the court did not commit reversible error in giving said instructions.

The insurance policy contained the following "other insurance clause": "This entire policy unless otherwise provided by agreement endorsed hereon or added hereto shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

Instruction number four given to the jury was as follows:

"You are instructed that upon the issues joined upon said second paragraph of answer, if you find from the evidence that after the issuance of the policy sued upon, the plaintiff did not procure or

have issued any policy of insurance by said Security Insurance Company on said Property described in plaintiff's complaint, but you further find from the evidence that said Department of Financial Institutions for the said Somerville State Bank, did take out a policy of insurance with said Security Insurance Company of New Haven, Connecticut, on said dwelling house, in said sum of Five Hundred Dollars, and that said policy was taken out solely to protect the interests as mortgagee that said Department and said Bank held in said property insured, and was taken out without the knowledge or consent of the said plaintiff, then, and in that view of the case, your finding should be for the plaintiff upon the issues joined on said second paragraph of answer."

Instruction number seven given to the jury was to the same legal effect as said instruction number four.

Appellant complains with reference to each of said instructions that they are too narrow in that they "limit the execution of the additional insurance . . . (which appellant contends would void the policy in suit) to the mere knowledge and consent of the plaintiff."

"It is well settled that, since a mortgagor and mortgagee each has a separate and distinct insurable interest in the mortgaged property, separate insurance procured by the mortgagee or his representative, for his own protection entirely, does not void the mortgagor's insurance, as constituting a breach of the condition in the latter's policy against other or additional insurance even though that policy is primarily payable to the mortgagee." 66 A. L. R. 1173, followed by long list of authorities from fifteen states.

We have not found any decision to that effect, or to the contrary by either of the courts of appeal of this state.

In *Farmers Union Mut. Protective Assn. of Colorado v. San Luis State Bank* (1929), 86 Colo. 293, 300, 281 Pac. 366, 66 A. L. R. 1166, the court had before it a simi-

lar question, and quoted from 2 Wood, Fire Insurance (2d) Sec. 376, p. 784, as follows with reference to such questions:

> " 'In order to invalidate a policy upon the ground of a breach of the condition against other insurance, it must be shown that such other insurance was obtained by the *insured, or some one authorized by him to obtain it, or that he subsequently assented thereto.*
>
> "Thus, where the mortgagor of real estate procured an insurance upon the property, conditioned that other insurance upon the property without the consent of the company [should avoid the policy], it was held that the taking out of a policy upon the same property by the mortgagee was not "other insurance" within the meaning of the condition.' "

See to the same effect Cooley Briefs on Insurance (2d ed.), p. 2874; Joyce, Insurance (2d ed.), p. 4114, 4120.

We think the rule as stated above is based on sound reasoning and amply supported in law, and therefore we hold that said instructions numbered seven and ten are not "too narrow" as contended by appellant, but that they are proper instructions.

Appellant complains of instruction number ten given to the jury on the ground that it permitted the jury to add interest at six per cent from and after sixty days after the fire. The verdict shows that the jury did not add such interest, and therefore if said instruction was improper for said reason, the error was harmless.

Appellant also contends that said instruction number ten misinterpreted the provisions in the mortgage clause of the policy which fixed the proportion of loss to be borne by it in case there was "additional insurance" with consent of appellant.

The verdict of the jury shows that the jury did not follow said part of said instruction, therefore if the

instruction was improper in that respect, it constituted harmless error.

Appellant contends that instruction number fifteen was confusing, and stated the wrong measure of damage. We think that instruction is clear. It advised the jury in effect that in estimating the damages if they found that the value of the respective items of property insured exceeded in amount the whole amount of insurance on each of said items of property respectively, they should fix the damages at the full amount of insurance under the policy. That was a valid measure of damages, if there was no other insurance in effect. The court instructed the jury as to a different measure of damages if they found that other insurance was in effect.

Appellant also contends that the decision is not sustained by sufficient evidence, but all the legal questions presented under that cause for new trial were presented under other causes for new trial, which questions we have discussed in this opinion. We think there is ample evidence to sustain the decision when tested by the rules of law relied upon in this opinion which are applicable to such question.

No reversible error having been shown, the judgment is affirmed.