RICE ET AL. *v.* SELKING ET AL.

[No. 30,510. Filed May 26, 1965. Reconsideration denied September 13, 1965.]

*C. R. McNabb* and *Thomas D. Logan,* of Fort Wayne, for appellants.

*John L. DeVoss* and *Severin H. Schurger,* of Decatur, *Howard E. Baumgartner,* of Berne, *Kenner, Gordon, Glenn & Miller,* of Huntington, and *Ice, Miller, Donadio & Ryan,* of Indianapolis, for appellees.

PER CURIAM.—This is an appeal from a judgment denying a permanent injunction against the establish-

ment of a community school corporation in Adams County, Indiana, under the School Reorganization Act of 1959, as amended.[1]

Appellees have filed motion to dismiss the appeal alleging in substance, viz:

(1) The transcript does not contain marginal notations on many pages and is not properly indexed as required by Rule 2-5.

(2) The transcript does not contain certain exhibits introduced in the case or indicate where they can be found.

(3) The transcript does not show the attorney general was served with copy of proceedings or allowed an opportunity to be heard as required by Burns' §3-1111 in a proceeding asking that the School Reorganization Act of 1959, as amended, be declared unconstitutional and void.

(4) Appellants' assignment of errors does not comply with Rules 2-3 and 2-6 in that it named as appellants only 11 of the 19 plaintiffs and as appellees only 12 of the 17 defendants who were parties to the judgment in the lower court.

(5) Appellant's brief does not contain under the heading "Argument" a specification of the assigned errors intended to be urged, or of each cause of the motion for new trial intended to be urged, as required by Rule 2-17(e).

Subsequent to the filing of appellees' motion to dismiss, appellants filed motion to correct items (1) and (2) above mentioned and to amend the assignment of errors as to (4) above, and this Court granted permission to make such corrections and amendments, which were thereupon made.

Appellants have made no effort, however, to amend their brief as to (5) by setting forth under the "Argument" section of their brief a specification of such of the assigned errors as are intended to be urged and

1. Acts 1959, ch. 202, p. 451, et seq., as amended by the Acts of 1961, ch. 322, p. 951, et seq., Burns' §§28-6101, et seq.

each cause in the motion for new trial which is intended to be urged although required by Rule 2-17(e). In fact, nowhere in the argument section of the brief is there found any reference whatever to the assignment of errors or the motion for new trial. Rather than correct the deficiency in their original brief in this respect, appellants have contended in replying to appellees' motion to dismiss that their original brief in fact does group together the arguments in support of one ground or issue upon which they rely. However, when from a search of appellant's original brief we are unable to learn what specification of the assignment of errors or cause of the motion for new trial they rely upon, there being no mention of this matter whatever in the argument section, we must conclude the requirement of the rule has not been met. The assignment of errors and the motion for new trial may have numerous specifications therein but only the specifications of error presented by the argument section of appellants' original brief, as required by Rule 2-17(e), will be considered. *Huff et al.* v. *Ind. State Hwy. Comm.* (1958), 238 Ind. 280, 282, 149 N. E. 2d 299, 300.

Appellants have failed to amend their brief in the respect cited after the defect was pointed out by appellees, and the motion to dismiss appeal should be sustained. *Allison* v. *State et al.* (1959), 239 Ind. 545, 157 N. E. 2d 193; *Diggs et al.* v. *Bobich et al.* (1962), 133 Ind. App. 332, 182 N. E. 2d 439.

Appeal dismissed.

Jackson, J., concurs in result.

NOTE.—Reported in 207 N. E. 2d 366.