GLENN ET AL. *v.* THATCHER GLASS MANUFACTURING CO. ET AL.

[No. 20,058. Filed September 8, 1965. Rehearing denied
October 28, 1965. Transfer denied September 15, 1966.]

*Frank I. Hamilton,* of Greensburg, and *William H. Turner* and *Anthony C. Meyer,* of Lawrenceburg, of counsel, for appellants.

*Richard K. Ewan,* of Lawrenceburg, for appellee, Thatcher Glass Mfg. Co.

*John E. Anderson,* of Jackson, Michigan, and *Joseph M. Lancett,* of Lawrenceburg, for appellee, Hungerford Construction Co.

*Albert W. Ewbank,* of Indianapolis, of counsel, for appellees.

CARSON, J.—This case comes to us on appeal from the Dearborn Circuit Court.

The action was started by the complaint filed by the plaintiff-appellant George Glenn against the defendant-appellee Thatcher Glass Manufacturing Co., Inc. The other parties to the action came in by various answers and cross-complaints. The appellee H. W. Steigerwald filed an answer in admission

and denial under Rule 1-3 of the Supreme Court. The appellee Thatcher Glass Manufacturing Co. filed answer in admission and denial under Rule 1-3. The appellee Hungerford Construction filed answer in admission and denial under rule 1-3. The defendant Thatcher Glass also filed a cross-complaint requesting the court to adjust the equity between the parties and to discharge the liens against the real estate of the Thatcher Glass Co. The defendant-appellee H. W. Steigerwald also filed a cross-complaint against Hungerford Construction Co. and Thatcher Glass Co. praying judgment against defendant Hungerford Construction Co. for the sum of $480.00 together with interest and attorney's fees in the amount of $175.00. The appellee Thatcher Glass Manufacturing Co. filed answer under rule 1-3 to the cross-complaint of H. W. Steigerwald. The appellant Cincinnati Concrete Pipe Co. filed answer to the complaint of George Glenn in admission and denial under rule 1-3. The appellee Hungerford Construction filed answer under rule 1-3 to the cross-complaint of the appellee H. W. Steigerwald. The appellee Donald Walston field cross-complaint against the Hungerford Construction Co. and Thatcher Glass Manufacturing Co. for labor and material for the total sum of $1,985.25 and prayed judgment against the defendant Hungerford Construction Co. for said sum together with attorney's fees in the amount of $500.00. The appellant Cincinnati Concrete Pipe Co. filed cross-complaint against the defendant Thatcher Manufacturing Co. and Hungerford Construction Co. seeking judgment in the amount of $4,982.85 and also seeking judgment against the plaintiff-appellant George Glenn. Various other answers and replies under the Supreme Court rules were filed by the various cross-defendants in the action.

The cause was submitted to the court for trial without jury and upon conclusion of plaintiffs' evidence motions were made by various parties to the action and the court's rulings thereon in substance were as follows:

1.  Motion of the appellee Thatcher Glass Manufacturing Co., Inc., for judgment against the appellant Cincinnati Concrete Pipe Co. sustained.

2.  Motion of the defendant Hungerford Construction Co. for judgment against the defendant Cincinnati Concrete Pipe Co. overruled.

3.  Motion of the defendant Cincinnati Concrete Pipe Co. for the judgment against the defendant Hungerford Construction Co. overruled.

4.  Motion of the defendant Hungerford Construction Co. at the close of all the evidence for judgment against Cincinnati Concrete Pipe Co. sustained.

Following the various actions of the court on the above motions and at the conclusion of all of the evidence the court rendered the following judgment in substance:

Comes now the parties by counsel and it appearing to the court that certain of the parties have settled and compromised their differences and the contention of the other parties being submitted to the court and the court having considered all things now finds:

"1. That there is due the plaintiff, George Glenn, from the defendant, Hungerford Construction Company, the sum of $1,327.58, and the further sum of $500.00 as a fee for plaintiff's attorney, which sums the plaintiff is entitled to recover from the defendant, Hungerford Construction Company, together with the costs of this action, all without relief from valuation and appraisement laws. And the Court further finds that the plaintiff filed a mechanic's lien within the statutory period of time and is entitled to hold a lien on the premises hereinafter described for the sum of $1,827.58 and is entitled to have said lien enforced against said premises of the defendant, Thatcher Glass Mfg. Co., Inc.

"2. That there is due the defendant and cross-complainant, H. W. Steigerwald, from the defendant, Hungerford Construction Company, the sum of $480.00, and the further sum of $100.00 as a fee for the attorney of said cross-complainant, which sums the cross-complainant is entitled to recover from the defendant, Hungerford Construction

Company, together with his costs in this action, all without relief from valuation and appraisement laws. And the Court further finds that said cross-complainant filed a mechanic's lien within the statutory period of time and is entitled to hold a lien on the premises hereinafter described for the sum of $580.00 and is entitled to have said lien enforced against said premises of the defendant, Thatcher Glass Mfg. Co., Inc.

"3. That there is due the defendant and cross-complainant, Paul Willis, from defendant, Hungerford Construction Company, the sum of $1,770.00 and the further sum of $300.00 as a fee for the attorney of said cross-complainant, which sums the said cross-complainant is entitled to recover from the defendant, Hungerford Construction Co., together with his costs in this action, all without relief from valuation and appraisement laws. And the Court further finds that said cross-complainant filed a mechanic's lien within the statutory period of time and is entitled to hold a lien on the premises hereinafter described for the sum of $2,070.00, and is entitled to have said lien enforced against the said premises of the defendant, Thatcher Glass Mfg., Co., Inc.

"4. The Court further finds that the defendant and cross-complainant, Cincinnati Concrete Pipe Co., failed to file a mechanic's lien within the statutory period of time and that said cross-complainant take nothing on its cross-complaint against the defendants herein.

"5. The Court further finds that the defendant, Thatcher Glass Mfg. Co., Inc., take nothing on its cross-complaint against the plaintiff, George Glenn, herein.

"6. The Court further finds that the defendant, Hungerford Construction Co., take nothing on its cross-complaint against the plaintiff, George Glenn, herein.

Upon the above findings the court rendered consistent judgment.

Motions for new trial were filed separately by the appellant, Glenn, and the appellant, Cincinnati Concrete Pipe Co. and read as follows:

"The plaintiff in the above entitled cause moves the Court for a new trial thereof for the following reasons, to-wit:
"1. The finding of the Court is not sustained by sufficient evidence.

"2. The decision of the Court is not sustained by sufficient evidence.

"3. The finding of the Court is contrary to law.

"4. The decision of the Court is contrary to law.

"5. That the Court erred in sustaining the objection of the defendant, Hungerford Construction Company to the following question asked of the witness, Ray Fox, on direct examination by plaintiff's Attorney as follows, to-wit: 'What is the costs of the removal of blue shale rock?', to which ruling plaintiff at the time excepted.

"6. That the Court erred in sustaining the objection of the defendant, Hungerford Construction Co., to the following question asked of the witness, Raymond Fox, on direct examination by the Attorneys for the plaintiff as follows, to-wit: 'What, in your opinion, is the reasonable value per yard for the removal of blue shale rock in this area?', to which ruling the plaintiff, at the time, excepted.

"7. That the Court erred in sustaining the objection of the defendant, Hungerford Construction Co., to the following question asked of the witness, Raymond Fox, on direct examination by the Attorney for the plaintiff as follows, to-wit: 'In your opinion what was the amount of blue shale rock at Thatcher Glass?', to which ruling plaintiff, at the time, excepted.

"8. That the Court erred in sustaining the objection of the defendant, Hungerford Construction Company, to the offer of the exhibit by the plaintiff on the direct examination of the plaintiff, George Glenn, which said exhibit is as follows, to-wit: The statement of account of the plaintiff, George Glenn, with the Cincinnati Concrete & Pipe Company of Cincinnati, Ohio for material placed on the job in this cause, to which said ruling the plaintiff excepted.

"9. The assessment of the amount of recovery is erroneous, being too small.

"WHEREFORE, the plaintiff prays the Court for a new trial of the said cause.

"GEORGE GLENN, PLAINTIFF."

"The Cross Complainant, Cincinnati Concrete Pipe, in the above entitled cause, moves for a new trial herein on his cross complaint on each of the following grounds:

"1. That the finding and decision of the Court is not sustained by sufficient evidence.

"2. That the decision of the Court is contrary to law.

"3. That the Court erred in refusing the Cross Complainant's Attorneys the right to oral argument on his cross complaint at the close of the evidence.

"4. That the Court erred in that it did not notify the Cross Complainant of the date upon which oral argument was made by Counsel in this case.

"WHEREFORE, the Cross Complainant prays this Court for a new trial of the issues on its cross complaint. Anthony C. Meyer, Attorney for Cross Complainant, Cincinnati Concrete Pipe Co."

Both of the motions for new trial by the plaintiff George Glenn and the defendant Cincinnati Concrete Pipe Co. were overruled and denied.

A joint assignment of error was filed by the appellants on the following grounds:

1. The court erred in overruling appellant George Glenn's motion for new trial.

2. The court erred in overruling the appellant Cincinnati Concrete Pipe Co.'s motion for new trial. We shall consider the ruling on the motion for new trial and the assignment of error as to each of the appellants separately since they are treated separately in the argument portion of the brief.

The appeal of the Cincinnati Concrete Pipe Co. from a negative judgment presents no question for the consideration of this court under the specifications that the findings and decision of the court are not sustained by sufficient evidence. We come then to the assignment that the decision of the court is contrary to law. Upon examination of the appellants' joint brief it is noted that the record in the brief comprises 131 pages; that in support of this record the appellant Cincinnati Concrete Pipe Co. devotes one and one-half pages to argument; that the argument fails completely to comply with the provisions of rule 2-17 of the Supreme Court of the State of Indiana. It is not the duty of this court to search the record to reverse a case. The burden is

upon the appellant to establish reversible error by cogent argument and by the citation of authorities and the application of such authorities to the argument pointing out the alleged error. The mere citation of authorities does not comply with the interpretation of the rule as laid down by the Supreme Court of the State of Indiana in the cases of *Ball* v. *McPheeters* (1937), 211 Ind. 157, 5 N. E. 2d 885 and *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 24 N. E. 2d 912.

In this connection attention is called to the case of *Wright* v. *State* (1958), 237 Ind. 593, 595, 147 N. E. 2d 551, wherein the Supreme Court of the State of Indiana made the following statement:

> "It is encumbent upon appellant on appeal, whether the cause be civil or criminal, to affirmatively show harmful error by argument and citation of authorities. Rule 2-17 (e). Errors assigned and causes for new trial not so treated are deemed to be waived. Rule 2-17 (f)."

This rule has been repeatedly affirmed and in the recent case of *Rice* v. *Selking* (1965), #30510, 246 Ind. 629, 207 N. E. 2d 366 in a per curiam opinion our Supreme Court in dismissing the appeal said:

> "However, when from a search of appellant's original brief we are unable to learn what specification of the assignment of errors or cause of the motion for new trial they rely upon, there being no mention of this matter whatever in the argument section, we must conclude the requirement of the rule has not been met. The assignment of errors and the motion for new trial may have numerous specifications therein but only the specifications of error presented by the argument section of appellants' original brief, as required by Rule 2-17 (e), will be considered. *Huff et al.* v. *Ind. State Hwy. Comm.* (1958), 238 Ind. 280, 282, 149 N. E. 2d 299, 300."

See also *Kleinknecht* v. *City of Evansville* (1965), 137 Ind. App. 345, 204 N. E. 2d 872 and *Lyons* v. *Green* (1964), 136 Ind. App. 419, 202 N. E. 2d 172.

In the argument portion of the brief of the appellant Glenn the only propositions discussed are 4 and 9. The appellant Glenn has restated some of the points set out in the motion for new trial. We again call attention to the brevity of the argument of the appellant Glenn which comprises three and one-half pages of the brief. The authorities are cited in much the same style as they would be in a law encyclopedia the court is not furnished with any portion of the language from any of the cases cited supporting the propositions of the appellant or showing wherein they apply to the argument of the appellant. We feel that this argument fails to comply with the provisions of rule 2-17 of the Supreme Court of Indiana. For cases decided in interpreting that rule, attention is called to the cases cited in previous paragraphs of this opinion dealing with the appeal of Cincinnati Concrete Pipe Co.

The appellee has raised the question whether or not the form of the assignment of error by the joint appellants in this action complies with the rule 2-6. We do not feel disposed to discuss the technical provisions of this rule and its application to this appeal since the appellants have failed to present any question to the court for consideration.

The Appellate Court is not required to search the record to find error whereby the case can be reversed, but will consider only such errors as are pointed out in the appellant's brief. Flanagan, Wiltrout & Hamilton, Indiana Trial and Appellate Practice, § 2783, p. 363. The Appellate Tribunal will not weigh conflicting evidence. Flanagan, Wiltrout & Hamilton, Indiana Trial and Appellate Practice, § 2786, p. 366. Where the evidence is conflicting, the reviewing court will consider only the evidence most favorable to the party in whose favor the judgment was entered.

Errors not supported by cogent argument and citation of authorities are waived under rule 2-17. In the case of *Edwards* v. *Wyllie* (1963), 193 N. E. 2d 70, 73, Transfer granted,

Judgment affirmed 246 Ind. 261, 203 N. E. 2d 200, this court said in quoting from *Ecker* 1. *Fuchs* (1959), 129 Ind. App. 555, 565, 159 N. E. 2d 134, 139:

> "It is clear that appellant's 'Amended Argument' wholly fails to meet the requirements of Rule 2-17(e). Our Supreme Court has recently said that certain designated grounds of error in that case 'are not supported by any *cogent* argument or citation of authorities. It is incumbent upon appellant on appeal, whether the cause be civil or criminal, to *affirmatively* show *harmful error* by argument and citation of authorities. Rule 2-17(e). Errors assigned and causes for new trial not so treated are deemed to be waived. Rule 2-17(f).' (Our emphasis) *Wright* v. *State of Indiana* 1958, 237 Ind. 593, 595, 147 N. E. 2d 551, 552. See also *Poore* v. *Poore* 1955, 125 Ind. App. 392, 394, 125 N. E. 2d 810. Appellant's argument in this case does not 'affirmatively' show harmful error but simply casts before this court certain general contentions and abstract and incomplete legal pronouncements, with the apparent expectation that the court will rummage through the evidence and the decree of the trial court in quest of a suggested ground or reason for reversal of that court's determination of the action. We, of course, cannot assume the burden undertaken by and which rests upon the appellant."

For the reasons above stated the judgment of the trial court is affirmed.

Judgment affirmed.

Prime, P.J. and Faulconer, J., concur.

While Judge Martin participated in the hearing of the oral argument and conference of the Judges abovenamed, he did not participate in the adoption of this final opinion.

NOTE.—Reported in 209 N. E. 2d 900.