FARM & HOME INSURANCE COMPANY *v.* TEMPLETON.

[No. 20,462. Filed December 27, 1967. Rehearing denied January 22, 1968. Transfer denied April 2, 1968.]

*Alan H. Lobley, Evan E. Steger,* of counsel, *Ice Miller Donadio & Ryan,* of Indianapolis, for appellant.

*Johnson & Weaver,* of Indianapolis, for appellee.

CARSON, C. J.—This is an action brought by the appellee, Mary Pat Templeton, against appellant, Farm and Home Insurance Company, as the alleged beneficiary of an alleged life insurance policy on the life of her minor daughter, now deceased, for the proceeds thereof.

The issues were formed upon appellee's amended complaint for damages for breach of contract which, in substance, alleged that appellee's husband mailed to appellant an application for insurance on the life of appellee's minor daughter, with appellee as beneficiary, in response to a plan offered by appellant to insure each qualified applicant, without physical examination, for stated amounts and at stated premium rates, on a condition precedent that it receive a minimum of five-hundred paid applications under this plan. The appellee alleged that five-hundred applications were received by the

appellant, that a contract of insurance on the life of appellee's minor daughter was thus created but that appellant refused to issue a policy. Thereafter the appellee's minor daughter died, and appellee alleged that as a beneficiary, she was entitled to the proceeds of the policy as if it had been issued.

Appellant's answer denied that five-hundred applications were received, and therefore denied the existence of a contract and the appellee's right to recover.

For purposes of clarity, we feel it best to briefly set forth the facts leading up to, and, culminating in this appeal.

Farm and Home Insurance Company, acting through its agent, Home Owners Agency, mailed applications and advertising materials announcing a proposed insurance policy which in their words, was "too good to be true." The terms of the alleged offer stated that insurance could be obtained by anyone:

"Without a medical exam."
"Regardless of present health condition."
"Regardless of previous insurance record."
"non-cancellable"

Gilbert C. Templeton, husband of appellee, received said information and application. He accepted the alleged offer by filling out the application, requesting Ten Thousand ($10,-000.00) Dollars insurance on his four-year-old daughter (who was mentally retarded) ; naming appellee as the beneficiary; and, enclosing a check for nine dollars and twenty-five cents ($9.25) in payment of the first quarterly premium.

The alleged offer contained a condition precedent, to-wit:

"When is the policy effective? At any time during the enrollment period that the company receives 500 paid applications, the plan will go into effect."

Subsequent to the tendering of acceptance, George Templeton received a letter from Home Owner's Agency which reads in pertinent part as follows:

"GOOD NEWS!!!!!!
Due to the tremendous response to the initial offering of the

HOMEOWNERS LIFE INSURANCE PLAN

We are happy to announce that policies are now being issued immediately upon receipt of the application and first premium payment."

In the meantime, appellant cashed appellee's check. Thereafter, appellant refused to issue a policy to the appellee and returned appellant's own check as a refund of appellee's premium. Appellee refused to accept the refund and sent it back. Appellee continued to submit premiums when due. Kathryn Louise Templeton, four-year-old daughter of appellee, died, and appellee brought this action to recover on the policy in the amount of $9,944.50.

At the time plaintiff-appellee filed her complaint, it appears, that based on the preceding correspondence from the appellant, she and her attorney were under the quite reasonable assumption that the condition precedent had been fulfilled. Therefore, paragraph 7 of appellee's complaint, states that the condition precedent had been fulfilled. Appellant, in its answer, denied paragraph 7 of appellee's complaint. The trial court did not find (in its special findings), that the condition had been fulfilled, but found that the condition had been waived.

Trial was had to the court which upon request of the appellant rendered Special Findings of Facts and Conclusions of Law. Of the fourteen findings of the court, ten (10) were based upon undisputed, written exhibits. The four (4) findings pertinent to the disposition of this cause on appeal are as follows:

"7. The Home Owners Agency was an acting agent of Farm and Home Insurance Company with apparent authority to transact business concerning the Homeowners Life Insurance Plan.

"10. The defendant waived their stipulation for a minimum number of 500 applications prior to issuance of policies by the letter sent in the early part of May, 1961, a copy

of which letter is attached hereto, made a part hereof as Exhibit 'B.'

"11. After issuance of the other policies to other people and after waiver of the requirement of the 500 applications, the defendant notified the plaintiff and her husband that they would defer action on issuance of the insurance policy on the life of Kathryn Louise Templeton.

"14. That due to the death of the insured, the entire proceeds of said policy, plus interest, but minus the premiums that defendant refused to accept, until the date of the death of the proposed insured, have become due and owing. Interest from the date of the death of Kathryn Louise Templeton on August 30, 1962, should be allowed on the principal amount of $10,000.00, minus the premiums the defendant had refused to accept of $55.50, for a net amount of $9,944.50."

The court stated its conclusions of law, based upon the facts found, as follows:

"1. The law is with the plaintiff.

"2. The plaintiff is entitled to recover a judgment against the defendant in the amount of $9,944.50, with interest thereon at the rate of six per cent (6%) per annum from the date of August 30, 1962."

Appellant's sole assignment of error is that the trial court erred in overruling appellant's motion for a new trial. The motion for a new trial contains six (6) specifications of error, to-wit:

I

"The decision of the court is not sustained by sufficient evidence.

II

"The decision of the court is contrary to law.

III

"Errors of law occuring at the trial which are hereinafter separately and severally assigned as follows:

"1. The court erred in overruling the objection of the defendant to the offer into evidence of Plaintiff's Exhibit

No. 5, and in admitting and reading into evidence over said objection Plaintiff's Exhibit No. 5, which exhibit, offer, objection and ruling are in the following words:

(Appellant attached a copy of the exhibit, the offer by appellee, appellant's objection, appellee's response and the court's overruling of appellant's objection, respectively.)

"2. The court erred in overruling the defendant's motion, made at the close of the plaintiff's evidence, for a finding in favor of the defendant.

"3. The court erred in overruling the defendant's motion, made at the close of all the evidence, for a finding in favor of the defendant.

IV

"The special findings of fact are not sustained by sufficient evidence.

V

"The special findings of fact insufficient in that they omit material and ultimate facts necessary to the decision.

VI

"The conclusions of law are erroneous."

Appellant's Specification No. IV, above is surplusage. Appellant has properly raised the question of the insufficiency of the evidence to support the special findings of fact by Specification No. I, and an assignment of error that the trial court erred in overruling his motion for a new trial, which will be considered infra. *Dorweiler et al.* v. *Sinks et al.* (1958), 128 Ind. App. 532, 148 N. E. 2d 570.

By failure to support Specification No. III(1), with cogent argument and the application of authority, appellant has waived said specification under Rule 2-17(e) of the Rules of the Supreme Court of Indiana. *Wright* v. *State of Indiana* (1958), 237 Ind. 593, 147 N. E. 2d 551; *Glenn* v. *Thatcher Glass Mfg. Co.* (1965), 139 Ind. App. 302, 209 N. E. 2d 900.

Under Specification III(2), appellant contends that the court erred in overruling defendant-appellant's motion for a

finding at the conclusion of the plaintiff-appellee's evidence. This question was raised in the case of *Spanier* v. *Spanier* (1951), 120 Ind. App. 700, 96 N. E. 2d 346.

In that case, the defendant-appellee moved for a finding at the conclusion of the plaintiff-appellant's evidence. At page 703, the court said:

"While the document is designated a demurrer to the evidence it is obviously not that. It does not set out appellant's evidence. Rather it is a motion to find for appellee, and must be so treated. This motion presents the question as to whether or not the evidence introduced on behalf of appellant, assuming it to be true, and considering as proved all facts which the evidence proves, or by legitimate inference tends to prove, establishes the appellant's case as laid."

After reviewing the plaintiff's evidence and applying the above rule of the *Spanier* case, we conclude that the court did not err in overruling defendant-appellant's motion for a finding at the conclusion of the plaintiff's evidence.

Also, we do not feel that the appellant was prejudiced by the court's overruling of his motion for a finding at the conclusion of all the evidence, as the court must make a finding whether such a motion is filed or not. *Flanagan Indiana Trial and Appellate Practice* § 1713.

Appellant contends that the decision of the court is neither based upon the pleadings or upon the evidence. Appellant cites *Hummer* v. *School City of Hartford City* (1953), 124 Ind. App. 30, 112 N. E. 2d 891, wherein the court, at page 43 stated:

"The rule is also well established that waiver must be affirmatively pleaded."

We would also like to call appellant's attention to the fact that *Hummer, supra,* was expressly overruled by our Supreme Court in the case of *Flowers* v. *Board of Commissioners of the County of Vanderburgh, et al.* (1960), 240 Ind. 668, 168 N. E. 2d 224.

Now we would like to call attention to the case of *Farmers Mutual Aid Assn.* v. *Yager* (1938), 104 Ind. App. 554, 12 N. E. 2d 382. In that case, the appellant objected to instructions, which he contended were improper, in that the jury was instructed as to waiver and waiver was not in the pleadings. The court, at pages 558 and 559, said:

"Appellant complains with reference to each of said instructions, that they were improper because no issue of waiver was tendered by the pleadings. It is true the pleadings did not expressly tender any issues of waiver. There is, however, ample evidence in the record which was admitted without objection, to sustain a finding that each of said provisions of the policy was waived by the insurer.

"Section 2-1063 Burns' 1933 (§ 168 Baldwin's 1934) provides: 'No variance between the allegations in a pleading and the proof is to be deemed material, unless it have (has) actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, this fact must be proved to the satisfaction of the court, . . .'

"No evidence was offered to show that appellant was misled by the variance between the allegations in the complaint, and the proof. It is not contended upon appeal that appellant was so misled. The record shows that appellant was not so misled.

"Section 2-1064 Burns' 1933 (§ 169 Baldwin's 1934) provides: 'Where the variance is not material, as provided in the last section (Sec. 2-1063 Burns' 1933, § 168 Baldwin's 1934, *supra*) the court may direct the fact to be found according to the evidence, . . .'

"Furthermore Section 2-3231 Burns' 1933 (§ 505 Baldwin's 1934) provides: 'No judgment shall be stayed or reversed in whole or in part, by the Supreme Court for any defect in form, variance or imperfection contained in the record, pleadings, process, entries, returns, or other proceedings therein, which, by law might be amended by the court below, but such defects shall be deemed to be amended in the Supreme Court; . . .' Pursuant to said statute we deem the complaint amended to conform with the proof of waiver by the insurer of said provisions of the policy."

This case states the rule applicable to the case at bar. The pleadings at bar did not tender waiver, but we conclude that

there is ample evidence in the record to sustain a finding of waiver. Further, appellant has failed to show how he was misled, either at the trial level or on appeal and as stated in *Farmers Mutual Aid Assn., supra*:

". . . the record shows that appellant was not so misled."

Therefore we deem the pleadings amended to conform with the proof of waiver. Citing *Yager, supra,* with approval, is *Sorrentino* v. *Cunningham* (1942), 111 Ind. App. 212, 39 N. E. 2d 473. See also, *General Outdoor Adv. Co.* v. *LaSalle Realty Corp.* (1966), 141 Ind. App. 247, 218 N. E. 2d 141, (transfer denied June 21, 1967).

Appellant's final specification of error is that the conclusions of law are erroneous, in that the court, in its special findings, failed to find the existence of a contract.

The rule in regard to this particular specification is succinctly stated in *Jones* v. *Greiger, Trustee* (1960), 130 Ind. App. 526, 533, 166 N. E. 2d 868, and cases cited:

"Even though there might be some minor inaccuracies in the respect claimed by the appellants, it is the general rule of law that, 'The special findings of fact must be considered as a whole. One part may be considered in connection with other connected parts or parts referring to the same transaction, and if taken as a whole, the finding legitimately supports the judgment, it will be upheld. All intendments and presumptions are taken in favor of the findings rather than against them.' "

We, therefore, find that the conclusions of law are not erroneous and for the reasons herein stated, the judgment of the Superior Court should be affirmed.

Judgment affirmed.

Cooper, J. and Prime, J., concur.

Faulconer, J., concurs in result.

NOTE.—Reported in 232 N. E. 2d 367.